## WHITTEMORE *v.* AMOSKEAG NAT. BANK and others.

*(Circuit Court, D. New Hampshire. December 3, 1885.)*

CORPORATION—ACTION BY STOCKHOLDERS—COLLUSION—EQUITY RULE 94.

Bill in action by stockholder against a national bank *held* demurrable, because it contained no allegation that plaintiff was a shareholder at the time of the transaction complained of, or that his share had since devolved on him by operation of law, and that the suit was not a collusive one to confer jurisdiction on the circuit court, and because plaintiff failed to allege any efforts made to secure such action as he desired on the part of the officers of the corporation, and the cause of his failure to obtain such action as required by equity rule 94.

In Equity.

*H. G. Wood,* for complainant.

*Livermore & Fish,* for respondents.

COLT, J. There being no allegation in this bill that the plaintiff was a shareholder at the time of the transaction of which he com-

plains, or that his share has devolved on him since by operation of law, and that the suit is not a collusive one to confer on a court of the United States jurisdiction of a case of which it would not otherwise have cognizance, and the plaintiff failing to set forth in his bill any efforts made to secure such action as he desires on the part of the managing directors or trustees, and the causes of his failure to obtain such action, as prescribed by equity rule 94 of the supreme court, we think it clear that the demurrer to the bill must be sustained. We fail to see the force of the plaintiff's objection that rule 94 does not apply to this case, either by reason of the character of the allegations contained in his bill, or by reason of the fact that, as he contends, the rule does not apply to a stockholder of a national bank in consequence of the language contained in section 5139 of the Revised Statutes. Rule 94 was adopted by the supreme court after careful consideration of the whole subject to which it relates. It prescribes, in a certain class of cases, a mode of procedure, and it makes no exception to the class of cases which are governed by it. With the rule before us, we find no valid ground upon which to sustain the plaintiff's position. Demurrer sustained.