### ROBINSON v. WEST VIRGINIA LOAN CO. et al.

(Circuit Court, D. West Virginia. December 22, 1898.)

1. RECEIVERS—JURISDICTION TO APPOINT.
   To give the circuit court jurisdiction to appoint a receiver for a corporation at the suit of a stockholder, it must appear that the amount in controversy, or the par value of the complainant's stock, equals $2,000.[1]

2. CORPORATIONS—ACTION BY STOCKHOLDER.
   When a stockholder brings a suit in chancery against the corporation, he must show that he has made an earnest effort to secure remedial action by the corporation for the grievance complained of.

[1] As to "Jurisdiction of Circuit Courts as Determined by Amount in Controversy" generally, see note to Auer v. Lombard, 19 C. C. A. 75.

3. CORPORATION—SUITS AGAINST—INTEREST OF COMPLAINANT.
  To entitle a stockholder to relief against a corporation, as a stockholder, he must show in his pleadings that he was the owner of stock at the time the matters complained of occurred.

McWhorter & Lowenstein and Howard & Handlan, for complainant.

Caldwell & Caldwell, Henry M. Russell, and Hubbard & Hubbard, for defendants.

GOFF, Circuit Judge. On the 15th day of October, 1898, on the application of the complainant, the circuit court of the United States for the district of West Virginia appointed George Baird receiver of the defendant company. Said receiver is now in the possession of the property of the West Virginia Loan Company, and the case is in my hands on the motion of the defendants to discharge such official, restore its property to said company, and dismiss the complainant's bill, for the reason that this court has no jurisdiction of the subject-matter of this suit. In this connection I have considered the original and the amended bills, the separate answer of the West Virginia Loan Company, the joint answer of the other defendants, the affidavits filed by complainant and defendants, as well as the argument of counsel.

Unless it appears to the satisfaction of the court that the amount in controversy in this suit, in connection with the matters set forth by complainant in his bills, is as much as $2,000, or that the value of the stock held by the complainant in the defendant company at the time the transactions complained of took place was as much as $2,000 (exclusive of interest and cost), this court cannot have jurisdiction of this suit. As to this point,—admitting that the complainant has sustained the allegations of his bill,—could this court, on the evidence before it, render a decree in favor of complainant for a sum equal to the said amount so stated to be essential to its jurisdiction? This is the true test, even though the amount claimed in the pleadings be stated at a larger sum. Barry v. Edmunds. 116 U. S. 550, 6 Sup. Ct. 501; Vance v. Vandercook Co., 170 U. S. 468, 18 Sup. Ct. 645. Even if it be conceded that the stock alleged in the bill to be the property of the complainant when said bill was filed was also his stock at the time the matters complained of occurred, still it is only by including the interest said to be due thereon—that is, by adding to the par value of the stock the coupon interest due thereon as charged—that the jurisdictional amount is reached. One of the grounds of asking the intervention of this court is the alleged insolvency of the West Virginia Loan Company, and yet, quoad the matter of jurisdiction, it is insisted that complainant's stock in said company is worth more than $2,000, when its face or par value is less than that amount.

On the question of jurisdictional amount, I am forced, by the facts of this controversy, to find against the contention of the complainant; and I deem it best to allude to another matter, as to which the absence of material allegations makes his bill defective. It does not appear that the complainant has exhausted all the means within his reach to obtain from said company, or from its directors or stockholders, the redress he asks for in his bill, or, at least, such action as will pro-

tect his interests and conform to his wishes. Unless this appears, equity will not, in cases of this character, entertain the suit. When a stockholder of a corporation brings a suit in chancery for an accounting and for equitable relief in general, in his own behalf, he must not only set out in full the special grievances as to which he complains, but he must also show that he himself, as the representative of the stock complaining, has made an earnest effort—not a simulated one—to induce remedial action on the part of the managers of the corporation, or that he has made an honest effort to obtain action concerning said matters by the stockholders as a body, showing at the same time, in detail, the particulars of such efforts on his part.

Nor does it appear from the bill that the complainant was the owner of the stock now claimed by him at the time the matters complained of occurred. The allegation that he was the owner of the same at the time the suit was instituted is not sufficient. Hawes v. Oakland, 104 U. S. 450; Dimpfell v. Railway Co., 110 U. S. 209, 3 Sup. Ct. 573; Brewer v. Theatre, 104 Mass. 378.

The motion to discharge the receiver is sustained, and an order to that effect will be entered. The case will be retained on the docket of this court, only for the purpose of adjusting the accounts of said receiver, and as soon as that has been completed an order will be signed by the court dismissing the same.