KIMBALL v. CITY OF CEDAR RAPIDS et al.

(Circuit Court, N. D. Iowa, Cedar Rapids Division. January 22, 1900.)

FEDERAL JURISDICTION—ACTION BY STOCKHOLDERS.

    A suit by a stockholder in a waterworks company to restrain a city from putting in force and fixing water rates, on the ground that they are so low as to deprive the stock of any earning ability, thus depriving complainant of the equal protection of the law, in violation of Const. Amend. 14, being one in which complainant and the company are united in interest, though the latter is named as defendant, a federal court will not refuse to entertain jurisdiction, under equity rule 94, as being framed to invoke such jurisdiction, by using the name of the stockholder, where, if the suit was brought in the name of the corporation, jurisdiction would not exist, the case being one of federal cognizance irrespective of citizenship.

In Equity. Submitted on application for issuance of preliminary injunction.

Charles A. Clark & Son, for complainant.

John N. Hughes, Jamison & Smyth, Smith & Smith, and Rickel & Crocker, for defendants.

SHIRAS, District Judge. From the averments in the bill filed in this case it appears that the complainant is a stockholder in the Cedar Rapids Water Company, and in that capacity he seeks by this proceeding to restrain the city of Cedar Rapids and its officials from publishing and putting in force an ordinance adopted by the city council fixing the rates to be charged by the waterworks company for supplying water to the city and its inhabitants, it being averred that the rates and provisions of the ordinance adopted are such that it would prevent the earning of sufficient money by the company to enable it to pay a dividend to the stockholders after providing for the expenses and outlay incident to the management of the plant of the waterworks company and the interest upon the bonded debt of the company; and, furthermore, that the putting in force of the ordinance would be a violation of a contract now in force between the city and the waterworks company, regulating

the rates to be charged and the purposes for which water is to be furnished for city use. It is further expressly charged in the bill that the effect of the enforcement of the ordinance will be to deprive the stock in the waterworks company of any earning ability, and thus complainant will be deprived of his property without compensation, and therefore without due process of law, and thereby complainant will be deprived of the equal protection of the law in express violation of the fourteenth amendment to the constitution of the United States. It is further averred in the bill that complainant is a citizen of the state of Massachusetts; that the waterworks company and the city of Cedar Rapids are corporations created under the laws of the state of Iowa; that the individual defendants—being the mayor and other city officials—are all citizens of Iowa; and that complainant owns 255 shares of stock in the waterworks company, of the par value of $11,250. The case is now before the court upon an application for a preliminary writ of injunction to restrain the publication and putting in force the proposed ordinance until the validity thereof is heard and determined. The defendants named in the bill are the city of Cedar Rapids, the mayor, aldermen, and recorder of the city, and the waterworks company. As the bill is framed for the purpose of invoking the protection of the provisions of the federal constitution, and as the matter involved exceeds $2,000 in amount, the case is one which falls within the jurisdiction of this court, irrespective of the citizenship of the parties in interest; but it is strongly urged on behalf of the city and its officials that this court ought not to take jurisdiction of the bill as framed, because the proceedings are instituted by a stockholder of the waterworks company to protect rights properly belonging to the company in its corporate capacity; that it appears that the company has already brought an action in the district court of Iowa for Linn county to restrain the enforcement of the ordinance; and that complainant has not complied with the requirements of equity rule 94, and therefore the bill should be dismissed. The purposes for which this rule was promulgated by the supreme court are clearly set forth in Hawes v. Oakland, 104 U. S. 450, 26 L. Ed. 827, it being therein stated that the rule is aimed at two evils,— one being the effort to invoke federal jurisdiction wrongly by using the name of a stockholder in cases wherein, if the suit was brought in the name of the corporation, jurisdiction in the federal tribunal would not exist; and the other to prevent a minority of the stockholders from controlling and dictating the action of the corporation in matters properly within the control of the directors as the representative of the whole body of the stockholders. In the case now before the court, as already stated, it is one within federal cognizance, irrespective of the citizenship of the parties, and therefore the provisions of rule 94 cannot be invoked on the ground that the suit is in the name of a stockholder, in order to confer jurisdiction on this court, which would not exist if the suit had been brought by the waterworks company.

Is the suit open to the objection that a single stockholder is seeking to control the action of the corporation, and is thereby usurping

the power of control confided to the directors of the company? The object of the bill is not to compel or restrain action on part of the company, its directors or officers, but to prevent action on part of the city of Cedar Rapids which it is averred will wholly destroy the value of complainant's property, to wit, the shares of stock by him owned in the waterworks company. In Smyth v. Ames, 169 U. S. 466, 18 Sup. Ct. 418, 42 L. Ed. 819, the supreme court recognized the right of individual stockholders in railway companies to bring bills in equity in the federal court to restrain the enforcement of the statute adopted by the legislature of the state of Nebraska regulating railway charges, on the ground that the rates prescribed were insufficient to secure just compensation; and it is difficult to see, under the doctrine of that case, why this court should refuse to entertain the bill filed herein. It is doubtless true, as is urged by the defendants, that the complainant and the water company are working in harmony to accomplish the same end, in that it appears that the company, as already stated, has instituted a suit in the district court of Linn county to the same effect as is sought by the bill in this court; but this fact will not justify the court in holding that this suit should be dismissed because thereby the single stockholder is seeking to control the corporate action of the waterworks company in a matter properly within the duties and powers of the board of directors. There is force in the contention of the defendants that the company, although named as a defendant in the bill, is in fact united in interest with complainant. In determining whether the actual controversy between the parties is one of which the court will assume jurisdiction the court may arrange the parties as plaintiffs or defendants, according to their actual interest in the subject-matter of the suit, having the right to disregard the position assigned them by the pleader. Harter v. Kernochan, 103 U. S. 562, 26 L. Ed. 411. Applying this principle to the present case, it appears that in fact the suit embraces a controversy upon one side of which the parties in interest are the complainant and the waterworks company, and on the other the city of Cedar Rapids and its officials; and, as the controversy is clearly one arising under the provisions of the federal constitution, according to the ruling of the supreme court in Smyth v. Ames, 169. U. S. 466, 18 Sup. Ct. 418, 42 L. Ed. 819, no reason is perceived why the court should refuse to take jurisdiction over it. As the court takes jurisdiction on the ground that in truth the complainant and the waterworks company are united in interest in the case, the company should, by amendment to the bill, be made a co-complainant therein, and, that being done, the suit will present a controversy within the jurisdiction of the court.

Upon the argument several questions were discussed which do not properly arise upon this application for a preliminary injunction, and which cannot be intelligently presented or considered until the facts are brought before the court. For the present, and upon the showing made in the bill, it must be held that complainant is entitled to the preliminary injunction prayed for, and it is therefore ordered that upon filing with the clerk a bond in the sum of

$5,000 conditioned to pay all costs and damages that may be awarded defendants by reason of the issuance of the injunction, with sureties to be approved by the clerk of this court or his deputy at Cedar Rapids, a writ of preliminary injunction under the seal of the court shall be issued as prayed for in the bill herein filed.