[Nos. 981-996.    September 2, 1903.]

HARRY RANKIN et al., Appellees, v. SOUTH-WESTERN BREWERY AND ICE COMPANY et al., Appellants; HARRY RANKIN et al., Cross-Appellants, v. SOUTHWESTERN BREWERY AND ICE COMPANY, Cross-Appellees.

### SYLLABUS.

1. A stockholder who has acquired stock in a corporation by purchase can not complain of illegal salaries paid directors prior to his becoming such stockholder, but can complain of such grievance thereafter occurring without his knowledge.

2. A stockholder may enjoin the execution of a contract by the president of a corporation made in pursuance of assumed authority given at a void directors' meeting.

Appeal and cross-appeal from district court of Bernalillo county, before BENJAMIN S. BAKER, Associate Justice.    Affirmed.

W. B. CHILDERS for appellees and cross-appellants.

The purchasing and running of saloons, and the diversion of the funds of the corporation by loans to persons engaged in the saloon business, and the investment of its funds for lands not needed for its business were not authorized by the articles of incorporation, and were *ultra vires,* and the court should have enjoined the defendants from so doing, and held them accountable for the moneys so expended.

> Germania Safety Vaults Company v. Boynton, 71 Fed. 797; Iron Co. v. Richie, L. R. 7, H. L. 653; Thomas v. Ry. Co., 101 U. S. 83; Central Transp. Co. v. Pullman P. C., 139 U. S. 59; Humbolt Min. Co. v. American M. M. & M. Co., 62 Fed. 356.

The court should have held the defendants, Leobs and Leobs responsible to the corporation for the whole amount of money paid to themselves as salaries.

> Cook on Corporations, sec. 657; Thompson on Corporations, secs. 4381, 4684, 4493, 451—, 4519, 4520 and 4560; 2 Cook on Corporations, sec. 728 et seq., 745 et seq.; Smith v. Los Angeles Ass'n, 20 Pac. 677.

Such an act can not be ratified by subsequent action carried by their own votes.

> Chamberlain v. Pacific Wool Growing Co., 54 Cal. 103; Miner v. Belle Isle Ice Co., 53 N. W. 218; Graves v. Mono Lake Hydraulic Min. Co., 22 Pac. 655, and note.

A stockholder who acquired his stock after the occurrence of the illegal transaction of which he complains can have redress for such illegal acts, if it appears that he is the bona fide owner of the stock, and that he bought it in good faith, and not for mere vexatious purposes.

> Moore v. Silver City Min. Co., 10 N. E.

679; 4 Thompson on Corporations, sec. 4567; Alexander v. Searcy, 12 Am. St. Rep. 339.

A majority of the whole number of directors shall form a board for the transaction of business, and every decision of a majority of the persons duly assembled as a board, shall be valid as a corporate act.

Compiled Laws, sec. 422; 1 Thompson on Corporations, secs. 706, 707, 708; Despatch Line, etc., v. Bellamy, 12 N. H. 205, 37 Am. Dec. 203.

Personal notice of such a meeting must be given.

1 Thompson on Corporations, sec. 715 et seq., especially 3 Ibid. 3936; Bank of Little Rock v. McCarthy, 55 Ark. 473, 29 Am. St. 60.

The directors act as a board, not as individuals.

Baldwin v. State Nat. Bank, 1 N. W. 261, 26 Minn. 43.

Personal notice must be given when the statute is silent.

Harding v. Vandewater, 40 Cal. 78; Thompson v. Williams, 76 Cal. 153, 9 Am. St. 187; Chase v. Tuttle, 3 Am. St. 64; Kansas City Hay Press Co. v. De Voe, 72 Fed. 717; Johnson v. Sage, 44 Pac. 641.

Acts done at a corporate meeting of which notice was not given in the manner prescribed by its charter or by-laws are void.

Stow v. Wyse, 7 Conn. 214, 18 Am. Dec. with exhaustive note; Wiggin v. Elder and Deacons, etc., 49 Mass. 301 Farwell v. Houghton Copper Works, 8 Fed. 66.

As to the sufficiency of notice—

Mer. L. Hall Co. v. Pittsburg L. Ass'n, 173 Pa. St. 30; 1 Beach on Corporations, sec. 281, pp. 456, 466, 470.

Concerning the authority of the president in such a case as this, see:

17 Am. and Eng. Ency. Law, 164.

As to his authority generally, see—

> Blew v. Bear Riv. and Auburn Water & M. Co., 20 Cal. 602; Bank v. Bailhache, 65 Cal. 332; Bliss v. Kaweah C. & I. Co., Id. 502; 4 Thompson on Corporations, secs. 4617, 4620, 4621; Linden Mill Co. v. Lyndon Literary and Biblical Institute, 25 Am. St. 783.

The president is personally responsible if he assumes to act without authority.

> 4 Thompson on Corporations, sec. 4650, p. 3489; 2 Cook on Corporations, secs. 716, 728.

O. N. Marron and McMillan & Raynolds for appellants and cross-appellees.

The discretion of the directors or a majority of the stockholders, as to acts *ultra vires* can not be questioned by the minority unless fraud is involved.

> Cook on Corporations, sec. 684, and cases cited; McMullen v. Ritchie, 64 Fed. 253, 263; New York, etc., Ry. Co. v. Nickals, 119 U. S. 296; Gibbons v. Mahon, 136 U. S. 549, 558.

An act *ultra vires* and without fraud is an act of internal management, and a minority of the stockholders are powerless to prevent, control, change or question that act.

> Symes v. Union Trust Co., 60 Fed. 830-867; Fountain, etc., Co. v. Jewell, 8 B. Monroe 140; Leslie v. Lorillard, 110 N. Y. 519.

A stockholder can not complain of acts occurring before he became such, except where it has developed upon him by operation of law.

> Hawes v. Oakland, 104 U. S. 450, 460; Dimpfell v. O. M. Ry. Co., 110 U. S. 209, 211.

OPINION OF THE COURT.

PARKER, J.—The above cases are both before this court to review the same judgment, the former being a direct appeal by defendants, and the latter a cross-appeal by plaintiffs, and will be considered together.

It appears from the transcript that ever since 1893 the defendant, Henry Loebs, has received for his services in and about the business of the corporation the sum of $175 per month, voted to him at various directors' meetings from time to time. It further appears that in order to pass such resolutions it was necessary for said Loebs to participate in said meetings and vote as director for·such allowances, which he did. It further appears that such allowances were made without objection from anyone until the meeting of December, 1901, except that of defendant, Don J. Rankin, in 1894, which is not relied upon by plaintiff and need not be considered. On or about August 1, 1900, the plaintiff, Harry Rankin, became by purchase a stockholder, and in December, 1901, made his objection to such allowances. The court found that there was no evidence as to whether Harry Rankin knew or did not know of the allowances of such salary prior to the December, 1901, meeting. The court further found that the services of Harry Loebs were worth only $125 per month, and thereupon decreed him to refund to the treasury of the corporation the difference between this and the $175 per month, namely, $50 per month, commencing August 1, 1900, the date Harry Rankin became a stockholder. Of this action both sides complain. The plaintiffs urge that Loebs should have been charged with the excessive amount of salary for the whole period of its receipt. The defendants urge that he can be charged only from December, 1901, the time of the first objection thereto.

Neither party contends that a director can vote himself a salary in excess of the value of his services over the proper objection of the stockholder.

It is to be observed that this class of action is one which belongs to the corporation, and is one which but for the matters hereafter mentioned, ought to have been asserted by it and in its name. The fruits of the litigation belong to the corporation, and not to stockholders. 2 Cook on corporations, section 734-5. It is only because the corporation fails to do so, or because of the situation of the parties that such can be maintained by the stockholder. Cook on Corporations, sections 735, 740, 741.

Under such circumstances, what are the rights of a purchaser of stock in a corporation? It will not be necessary to look further than the Federal decisions to reply. The first and leading case is Hawes v. Oakland, 104 U. S. 450. In this case it is laid down that in order to maintain a suit in which the corporation itself is the appropriate plaintiff the stockholder must show that he was a stockholder at the time of the grievance complained of, or that his stock has since devolved upon him by operation of law. This case led to the adoption of equity rule 94 requiring allegation of this fact in all such cases, and has since been followed without question so far as we are advised in the Federal courts. Dameyer v. Coleman, 11 Fed. 97; Venner v. Railroad, 27 Fed. 581; Whittemore v. Bank, 26 Fed. 819; Taylor v. Holmes, 127 U. S. 489; Foote v. Mining Company, 17 Fed 47; Dimpfell v. Railway Company, 110 U. S. 209; Robins v. Loan Co., 90 Fed. 770; Symmes v. Union Trust Company, 60 Fed. 830; 10 Rose's Notes, 200; 81 Ga. 536. This effect of these decisions is denied. L. Morawetz, Corp. (2 Ed.), sections 266, 269; Leo v. Union Pac Ry. Co., 22 Fed. 273, as to application of equity rule 94.

It is clear, therefore, that the plaintiffs have no remedy in this suit for alleged frauds occurring prior to becoming stockholders by purchase. This disposes of the contention of the plaintiffs on this point.

Defendants contend, as above stated, that Loebs can be compelled to refund the excess of salary only from the time of objection by plaintiffs. It will be remem-

bered that no evidence was offered as to whether plaintiffs had knowledge of the acts complained of prior to December, 1901. Of course if they had knowledge and acquiesced, or were guilty of laches, they would be barred. But knowledge is always a necessary ingredient of acquiescence or laches. Cook on Corp., sec. 731; Bank v. Drake, 29 Kan. 311; Cumberland Co. v. Sherman, 30 Bark. 553; Hoffman Co. v. Cumberland Co., 16 Md. 456. If this was important to defendants, it devolved upon them to show it. Nor are the plaintiffs within the exception to the rule, that notice of facts calling for inquiry is equivalent to notice of the ultimate facts, for it is no part of a stockholder's duty to keep himself informed of the management of the internal concerns of the corporation (Cook on Corp., sec. 731), the sole question being, did he have knowledge?

Defendants further urge that plaintiffs can not recover at all for the reason that they made no effort to correct the evils complained of through the machinery of the corporation itself, as is laid down in the Federal cases above cited and elsewhere. But we think plaintiffs are well within the exception to the rule dispensing with this requirement when the directors against whom redress is sought are themselves the guilty parties. Cook on Corp., sec. 741 and note 3 where the cases are collected.

We are of opinion, therefore, that the district court was correct in awarding judgment against Loebs from the date of the purchase of the stock by the plaintiff, Harry Rankin.

Defendants complain of the action of the court below in enjoining the corporation from paying for an ice machine theretofore purchased by the president of the corporation in pursuance of assumed authority given at a void directors' meeting. It appears that no sufficient notice of the meeting was given to two directors, among whom was the plaintiff, Harry Rankin, and that the meeting was held by three out of five mem-

bers of the board. The court held the act of the president not to be authorized by such meeting, and that it was not within the general scope of his powers, and thereupon enjoined its execution, and payment for the property. The bill was filed December 7, 1901, in which it is charged that the purchase of a new ice machine at a cost of from $18,000 to $25,000 is threatened. The contract for its purchase was not executed until December 19, 1901. Whitney Company, the vendor of the machinery, was not made a party, nor had it any notice of the proceedings.

It is apparent that the act complained of is an *ultra vires* act one which, if authorized by the board of directors, could not, in the absence of fraud, be interfered with by a minority stockholder or director. It is ordinarily not a judicial function to determine the policy of a corporation's management, that duty devolving on the board of directors. Cook on Corps., sec. 648. In this case the transaction is attacked solely for want of form and consequent want of power. It is not contended that the action of the directors was of any force whatever, or conferred any power on the president. The defendants justify on the ground of implied ratification. It appears that the Whitney Company proceeded to furnish the ice machine under the contract and, so far as it was concerned, the transaction proceeded regularly in the course of business. In a proceeding by the Whitney Company for payment of its demand, it might well be held that the corporation would be bound to pay for the goods furnished. But no such question is before the court. The injunction goes merely to the extent of saying that as between stockholders and the corporation, the corporation must proceed in its dealings with the public in a legal and correct manner. It does not determine that the corporation may not, when it proceeds legally, buy and pay for an ice machine, as was in fact afterwards done. Rankin et al. v. Ice Company et al., decided at this term. It was determined simply that under the par-

ticular contract, the corporation in its then position, had no right to proceed. In this the court was correct. The doctrine of implied ratification has no application to this case, as no one is before the court in a position to invoke the same.

Counsel for defendants argue that the act was within the implied power of the president, but we think the rule is firmly established the other way. Cook on Corps., secs. 716.

Other errors are assigned, but were not insisted on at the argument. For the reasons stated, the decree of the lower court will be affirmed, and it is so ordered.

Mills, C. J., and McFie, A. J., concur.