### MAEDER v. BUFFALO BILL'S WILD WEST CO.

(Circuit Court, D. New Jersey. September 13, 1904.)

1. CORPORATIONS—SUIT BY STOCKHOLDER.

The provision of equity rule 94 that a bill by a stockholder, founded on rights of the corporation, shall be verified by oath, cannot be applied to a bill filed in a state court, and from thence removed to a federal court.

2. EQUITY PLEADING—DEMURRER.

A general demurrer going to the whole bill must be overruled where there is any part of the bill which the defendant ought to answer.

3. CORPORATIONS—REFUSAL OF ACCESS TO BOOKS—REMEDY OF STOCKHOLDER.

Ordinarily, the remedy of a stockholder who has been refused access to the books of the corporation is by mandamus, and section 44 of the general corporation act of New Jersey (P. L. 1896, p. 292), which provides that the Supreme Court or Court of Chancery "may upon proper cause shown" summarily order a corporation of the state to bring its books within the state, and keep them therein for such time and at such place as may be designated, does not confer power on a court of equity to make such an order except where the books are required for some proper judicial purpose, such as for evidence in some pending cause or proceeding for discovery, and a stockholder cannot maintain a suit in equity to require the corporation to bring its books into the state merely that he may have access to them.

---

¶ 2. See Equity, vol. 19, Cent. Dig. § 508.

**4. SAME—SUIT BY STOCKHOLDER TO COMPEL DECLARATION OF DIVIDEND.**

A stockholder cannot maintain a suit in equity against the corporation and its directors to compel the declaration of a dividend, where it is not shown that he has made application therefor to the directors, or that such an application would not be given proper consideration.

In Equity. On demurrers to bill.

James B. Vredenburgh, for complainant.
Selden Bacon, for defendant.

LANNING, District Judge. The bill of complaint in this cause was filed in the Court of Chancery of the state of New Jersey. Before the time for answering, pleading, or demurring had expired, one of the defendants had the cause removed into this court. The defendants, six in number, have now each filed a demurrer. The demurrers are the same in form. Each of them is both general and special. Each of them, as a general demurrer, specifies three grounds of demurrer, and each of them, as a special demurrer, specifies two grounds of demurrer.

A rule of the United States Circuit Court for the District of New Jersey adopts the rules of practice and proceedings in the Court of Chancery of New Jersey when the equity rules prescribed by the Supreme Court of the United States do not apply. In 1886 the New Jersey Court of Chancery promulgated the following rule: "Every demurrer, whether general or special, shall state the particular grounds of demurrer." In 1893 the rule was amended to read as it now exists. Its present language is this: "Every demurrer, whether general or special, shall distinctly specify the ground or several grounds of demurrer." That this rule abrogated, in New Jersey, the practice of assigning causes of demurrer ore tenus at the argument, would seem to follow from the language of Vice Chancellor Van Fleet in the Essex Paper Co. v. Greacen, 45 N. J. Eq. 504, 19 Atl. 466, where he says that the purpose of the rule was to require the demurrant, "when he filed his demurrer, to make such a disclosure of the ground of his demurrer as would render it probable, when his demurrer came on for argument, that all questions raised by it would be fully, fairly, and thoroughly discussed." Assuming such to be the effect of the rule, only the causes of demurrer specified in the demurrers filed should be considered.

The first ground of special demurrer is that, as to that part of the bill of complaint which seeks a decree to set aside a certain conveyance alleged to have been made by the Buffalo Bill's Wild West Company to one James A. Bailey, the complainant has not complied with the provisions of the ninety-fourth equity rule of the Supreme Court. The second is that, as to that part of the bill which seeks a decree to require the directors of the company to declare dividends, the complainant has not complied with that rule. As already stated, the bill was originally filed in the Court of Chancery of the state of New Jersey, and was subsequently removed into this court. I have considered the effect of the ninety-fourth equity rule in the case of Groel v. United Electric Company

of New Jersey (just decided in this court) 132 Fed. 252. I there held that the rule in no wise altered or modified the law concerning the essential allegations of a bill filed by a stockholder in the right of his own company, against that company and other parties for relief in behalf of his company. The only new thing in the rule is the requirement that the bill shall be verified by oath. That provision, however, is applicable only to a bill originally filed in a federal court. It does not apply to a bill filed in a state court and then removed to a federal court. The two grounds of special demurrer are therefore too broad, and must be overruled.

One of the grounds of general demurrer specified is that the bill embraces several and distinct matters and causes, in many of which the defendants are not all interested. The particular matters and causes in which they are supposed not to be interested are not pointed out. It is doubtful if this is a sufficient specification. Assuming, however, that it is, it is unnecessary to consider it, inasmuch as the demurrer must be sustained for the reasons below stated.

Another specification under the general demurrer is that it appears by the allegations of the bill that James A. Bailey is a necessary party defendant. This specification recites the substance of the twelfth paragraph of the bill concerning the alleged conveyance to James A. Bailey, by which it is averred he secured a half or some other interest in the property of the Buffalo Bill's Wild West Company, and the prayer of the bill that the conveyance be set aside as fraudulent, and then declares that there is no averment of any reason for not making Bailey a party defendant. It is a well-settled principle that, where a demurrer is general to the whole bill, and there is any part of it which the defendant ought to answer, the demurrer, being entire, will be overruled. Vail's Executors v. Central Railroad Co., 23 N. J. Eq. 466; Romaine v. Hendrickson's Executors, 24 N. J. Eq. 232; Junior Order v. Sharpe, 63 N. J. Eq. 500, 52 Atl. 832; Livingston v. Story, 9 Pet. 632, 9 L. Ed. 255; Perry v. Littlefield, Fed. Cas. No. 11,008. It is clear that the alleged conveyance to Bailey cannot be set aside unless he be a party to the suit. But, applying the principle of the cases cited to the case in hand, it is equally clear that the demurrer cannot be sustained for the mere reason that Bailey is not a party if the bill alleges facts other than those contained in the twelfth paragraph which the defendants ought to answer. Whether it does so is a question raised by the next and last specification of general demurrer. That specification is that the complainant has not by his bill made out any title to the relief prayed for, or to any relief whatever. This is evidently equivalent to a general demurrer for want of equity. It has been held in the New Jersey practice that a specification under a general demurrer that a bill is defective for want of equity, or because it does not show that the complainant is entitled to any relief against the defendant, is good where the defect is apparent on the face of the bill. Essex Paper Co. v. Greacen, supra; Demarest v. Terhune, 62 N. J. Eq. 663, 50 Atl. 664. On examining the bill we find that the relief sought is con-

tained in the following prayers: (1) That the conveyance to James A. Bailey be set aside as fraudulent. (2) That the defendants be compelled to bring the books of the company into the state of New Jersey for examination, and permit the complainant to have access to them. (3) That an account be stated by all of the defendants except the company of the affairs of the company. (4) That the defendant directors declare a dividend of all the net earnings of the company not needed for the legitimate purposes of the company's business, and that they from time to time hereafter declare such reasonable dividends as the financial status of the business may warrant. (5) That a receiver be appointed to take into his possession all the company's property, and that one-fifteenth of the net assets be ascertained and paid to the complainant. (6) The prayer for general relief.

The first prayer has already been considered. It cannot, in the present form of the pleadings, be granted.

The second prayer—that concerning the bringing of the books of the company into New Jersey—cannot be granted. There is no averment that they are not already in the state. But, even if they are out of the state, the facts averred do not show such a condition as will warrant the exercise of the power prayed for. Where a stockholder has wrongfully been refused access to the books of his corporation the usual process for securing such access is mandamus. Stettauer v. N. Y. & Scranton Construction Co., 42 N. J. Eq. 46, 6 Atl. 303; Trimble v. American Sugar Refining Co., 61 N. J. Eq. 340, 48 Atl. 912. But the complainant relies on the forty-fourth section of the general corporation act of New Jersey (P. L. 1896, p. 292). That section is as follows:

"In all cases where it is not otherwise provided by law, the meetings of the stockholders of every corporation of this state shall be held at its principal office in this state; the directors may hold their meetings, and have an office, and keep the books of the corporation (except the stock and transfer books), outside of this state, if the by-laws or certificate of incorporation so provide; every corporation shall maintain a principal office in this state, and have an agent in charge thereof, wherein shall be kept the stock and transfer books for the inspection of all who are authorized to see the same, and for the transfer of stock; the Court of Chancery or the Supreme Court, or any justice thereof, may, upon proper cause shown, summarily order any or all the books of said corporation to be forthwith brought within this state, and kept therein at such place and for such time as may be designated in such order, and the charter of any corporation failing to comply with such order may be declared forfeited by the court making such order, and it shall thereupon cease to be a corporation, and all its directors and officers shall be liable to be punished for contempt of court for disobedience of such order."

In Fuller v. Hollander and Co., 61 N. J. Eq. 648, 47 Atl. 646, 88 Am. St. Rep. 456, the highest court of New Jersey, in considering the effect of this section, said:

"The inherent jurisdiction of the Court of Chancery to compel the production, for inspection, of books or papers, whether of an individual or corporation, is confined to cases where the same are evidential in a cause pending in the court, and cases arising under a bill filed for relief as well as discovery, or under a bill filed for discovery only in aid of a prosecution or defense in litigation, pending or contemplated. * * * The true construction of the section quoted, so far as it confers power upon a justice of the Supreme Court or upon the

Court of Chancery, is that whenever proper cause is shown to the judicial authority whose action is invoked, the books of a corporation that are by law permitted to be kept outside the state may be summarily ordered brought within the territorial control of such judicial authority. Proper cause would be shown by presenting a situation within the range of such authority, in which the production of the books would subserve some lawful or useful end within the judicial control. No other jurisdiction is conferred."

The bill contains no averments of facts showing that the production of the books would subserve any end within the control of this court, unless, indeed, it be that they might be used as evidence in this cause. But the prayer is simply that they be brought within the state of New Jersey "for examination" (presumably by the complainant) and that the complainant be permitted to "have access" to them. If the only purpose of the complainant in having the books brought into New Jersey is that he may "have access" to them "for examination" thereof, he should have sought, as already observed, a writ of mandamus. He can have no aid for such a purpose by a bill in equity. If, on the other hand, his purpose is to secure the books for evidential purposes in this cause, he must likewise fail for the reason that he has not shown his right to maintain his bill, and therefore can offer no evidence whatever. This appears in what follows.

By the third, fourth, and fifth prayers of the bill the complainant seeks relief against an alleged infringement of the collective rights of the stockholders, and not against an alleged infringement of his individual rights. If the directors of a corporation fail to declare dividends when such declaration is a duty, the remedy of individual stockholders is usually through the corporation. They cannot sue the corporation until they have exhausted their means of redress through the corporation. Morawetz, Pri. Cor. § 235, 277; Cook on Stock, etc., § 694; Hawes v. Oakland, 104 U. S. 450, 26 L. Ed. 827. Where, however, the facts averred show that the directors of a corporation have wantonly violated their duty, and that an application by a stockholder to them for relief against a wrong in which he and the other stockholders are collectively affected would be inefficacious, he may, in behalf of himself and the other stockholders, sue the corporation and its faithless officers without making such application. In Laurel Springs Land Co. v. Fougeray, 50 N. J. Eq. 756, 760, 26 Atl. 886, it was said that generally suits to compel the declaration of dividends must be in the name of the corporation, but that where the majority of the directors are charged with fraud in withholding dividends, as was the case there, an individual stockholder may maintain a suit to compel the declaration and payment of dividends. It does not appear that the complainant has applied to the board of directors of the Buffalo Bill's Wild West Company for any statement concerning the company's affairs, or for any declaration of dividends, or for any relief whatever. He does aver that he applied to the defendant William F. Cody, who is the president of the company, for information as to when dividends had been declared, and the amounts thereof, and the present financial condition of the company, and that he had requested Cody to permit him to examine the books of the company, and that Cody refused to give the information sought

or to permit the examination of the books, and that Cody denied the complainant's right to such information. The averments are sufficient to show Cody's hostility to the complainant, and his determination to withhold all information from the complainant. But the bill also shows that at least two other men are in the company's board of directors. It does not appear that they are under the control of Cody, or that they have ever had presented to them the alleged rights of the complainant. The case of Knoop v. Bohmrich, 49 N. J. Eq. 82, 23 Atl. 118, is not a precedent for sustaining the bill in this case. There the president of the company was shown to control the board of directors. Here, for aught that appears in the bill, the complainant may, upon proper application to the board of directors, be recognized as a stockholder, and secure his full legal rights as a stockholder.

Neither is the complainant entitled to the appointment of a receiver, or to a division of the assets of the company. Laurel Springs Land Co. v. Fougeray, supra.

The conclusion reached is that the bill is defective for want of equity, and that the demurrer must be sustained. The demurrants are entitled to costs.