HITCHINGS v. COBALT CENTRAL MINES CO. et al.

(Circuit Court, S. D. New York. December 31, 1910.)

1. CORPORATIONS (§ 189*)—STOCKHOLDER'S BILL—EQUITY RULE.

Under the express provisions of equity rule 94, a stockholder's bill against the corporation and its officers was not maintainable where complainant was not a stockholder when the acts complained of were committed.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 706–722, Dec. Dig. § 189.*]

2. REMOVAL OF CAUSES (§ 111*) — EFFECT — STOCKHOLDER'S SUIT — EQUITY RULES.

Where a stockholder's suit was commenced in the state court and removed to the federal court, it immediately became subject to the rules governing the practice in that court, including equity rule 94, providing that the complainant, in order to maintain the bill, must have been a stockholder at the time of the transaction complained of, and that he must set forth with particularity the efforts made to secure relief from the managing officers of the corporation.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 111.*]

Action by Hector M. Hitchings, on behalf of himself and all other stockholders of the Cobalt Central Mines Company, against the Co-

balt Central Mines Company and others. On demurrer to bill. Sustained.

Hector M. Hitchings, for complainant.
Louis Marshall, for defendants.

COXE, Circuit Judge. This controversy was submitted upon the second amended bill and the demurrers of the several defendants, which appear to be identical in form. The brief of the complainant states that 32 exceptions, filed against this bill, were referred to a master, who overruled the same except a few formal matters which were subsequently cured by amendment. As the papers relating to these exceptions have not been submitted to me, I am unable to determine what, if any, relevancy they have to the present controversy. The bill contains 47 printed pages and the counsel for the defendant insists that:

"It is an extraordinary specimen of prolixity, vagueness and indefiniteness. It is confusing and full of inconsistencies. It is replete with repetition and adjectives, and instead of being a concise and logical presentation of a cause of action, it is made up entirely of invective which has no materiality or relevancy to any cause of action."

That the bill is prolix may almost be assumed from its length. A cause of action which requires 47 printed pages to make the meaning plain is, or should be, an anomaly in equity jurisprudence. However, a bill may be open to all these criticisms and still may not be demurrable. It may be difficult to discover what the cause of action is, but if it exists the bill cannot be held bad on demurrer. I am not prepared to say that the bill does not state facts sufficient to constitute a cause of action.

[1] The fifth ground of demurrer is that it appears upon the face of the bill that the complainant has not complied with Equity Rule 94, which provides, among other things, that in a stockholder's suit, like the one in hand, the bill must contain an allegation:

First. "That the plaintiff was a shareholder at the time of the transaction of which he complains, or that his share had devolved on him since by operation of law."
Second. "That the suit is not a collusive one."
Third. "It must set forth with particularity the efforts of the plaintiff to secure such action as he desires on the part of the managing directors or trustees, and, if necessary, of the shareholders, and the causes of his failure to obtain such action."

That this action is within the provision of the rule cannot be doubted. It is a suit by a shareholder against the corporation, and others, founded upon rights which may properly be asserted by the corporation. The only allegation of the complainant's stock ownership is found in paragraph 14 of the bill where he alleges that at the time of the commencement of the action in the Supreme Court of New York, which subsequently was removed to this court, to wit, on April 25, 1910, he was and now is "the registered owner of 8,000 shares of the capital stock of Cobalt Central Mines Company. He is also owner of 5,000 shares of said stock which has not yet been

transferred into his name or registered on the books of the defendant, Cobalt Central Mines Company."

It therefore appears that the complainant was a shareholder on April 25, 1910; no other date is mentioned, so far as I am able to discover. That "the transaction of which he complains" was prior to April 25, 1910, is manifest from the fact that this was the date the suit was commenced in the state court, and the cause of action could not well arise after the action was commenced. There is, therefore, no compliance with the provision of the rule that the bill must contain an allegation that the complainant was a shareholder when the fraudulent acts complained of were committed. It is argued that because the bill alleges that the complainant is a "registered shareholder" he became a shareholder "by operation of law." I confess that I am unable to comprehend this contention. The registration of stock is precisely what the complainant states it to be in paragraph 14 of the bill, namely, "registered on the books of the defendant." How it can be said that the title of one who buys stock in the open market devolves upon him "by operation of law" because he has it entered on the books of the corporation, is beyond my comprehension. In his brief the complainant says:

"When it becomes necessary to offer proof, plaintiff will show and establish that he bought his stock at the market price from parties owning the same since the original transactions outlined in the bill and that he paid cash therefor, relying upon the false and fraudulent statement of ownership of properties as stated in his original complaint."

How will such proof, assuming it to be admissible under the present bill, qualify the complainant under rule 94? The rule says he must allege that he was a shareholder *"at the time* of the transaction." How is this met by proof that he *purchased his stock "since* the transaction"?

I think, too, that the bill fails to comply with the other provision of the rule which requires that it must set forth with *particularity* the efforts of the plaintiff to secure the desired action on the part of the managing directors or trustees.

[2] It is argued that rule 94 is inapplicable because the action was originally commenced in the state court. I do not so understand the law; if it were so, we would have presented the strange spectacle of two suitors, the one succeeding and the other defeated, upon identical complaints. The court is not concerned with the manner in which the suit reached this court; it is enough that it is here. Being here, it must be governed by the rules and practice of this court. The fact that it might be maintained in some other jurisdiction is of no importance when it is evident that it cannot be maintained here.

The precise question has been decided in this court in Venner v. Great Northern Ry. Co., 153 Fed. 408, where the question is fully discussed and the authorities cited.

The fifth ground of demurrer is sustained.