**REILLY et al. v. FUHRMANN & SCHMIDT BREWING CO, Inc.**

**No. 1127.**

District Court, M. D. Pennsylvania.

Jan. 28, 1936.

Philip F. Newman and Edward Stone, both of Philadelphia, Pa., and Ralph W. Rymer and John Memolo, both of Scranton, Pa., for plaintiffs.

George Wharton Pepper and Thomas Stokes, both of Philadelphia, Pa., and Charles C. Lark, of Shamokin, Pa., for defendant.

JOHNSON, District Judge.

This is a bill in equity by two New York stockholders of the Fuhrmann & Schmidt Brewing Company, Inc., a Pennsylvania corporation, the sole defendant, alleging wrongful acts of certain stockholders and praying for a cancellation of a certain contract, for an accounting, and the appointment of a receiver. The defendant filed an answer denying the material allegations of the bill and praying that the bill be dismissed for nonjoinder of essential defendants and for insufficiency of the bill.

The bill is based chiefly upon alleged wrongful acts of Klopstock, at times referred to as a defendant, Klopstock & Co. and certain named original stockholders. The prayers of the bill are for a cancellation of a contract between the original stockholders and Klopstock & Co., an agreement to which the defendant corporation is not a party; an accounting from Klopstock; and an accounting from Klopstock & Co.; and the appointment of a receiver.

It appears and it is admitted by complainants in their brief that originally these additional parties, Klopstock, Klopstock & Co. and certain named original stockholders, were intended to be made defendants and that the bill was to be a stockholders' bill under Equity Rule 27 (28 U.S.C.A. following section 723). It contains nearly all the allegations required by rule 27. The bill was evidently redrafted and the Fuhrmann & Schmidt

362

Brewing Company made sole defendant. Thus the points of law, the nonjoinder of essential defendants raised under Equity Rule No. 29 (28 U.S.C.A. following section 723), and the sufficiency of the bill are now before the court for disposition.

The complainants contend that the bill should not be considered as a class bill under Equity Rule 27, but primarily as a bill against the defendant corporation for the appointment of a receiver, and that the court should regard as explanatory matter any averments which might create the impression of a class bill.

The bill is neither sufficient as a class bill under Equity Rule 27 nor as one solely for the appointment of a receiver. The allegations and prayers relating to the original stockholders, Klopstock, and Klopstock & Co. are so interwoven in the bill that it must be considered as a class bill, and if these allegations and prayers are excluded, the bill is insufficient to support a decree for the appointment of a receiver.

The prayers for a cancellation of the contract between the original stockholders and Klopstock & Co., and an' accounting from Klopstock & Co. and Klopstock make them all indispensable parties to the action; and therefore their joinder is necessary, since they would be affected by the decree sought. Shields v. Barrow, 17 How. (58 U.S.) 130, 15 L.Ed. 158; Minnesota v. Northern Securities Co., 184 U.S. 199, 22 S.Ct. 308, 46 L.Ed. 499; Weidenfeld v. Northern Pac. Ry. Co. (C.C.A.) 129 F. 305.

The allegations and prayers of the bill make it a class or stockholders' bill under Equity Rule 27, but the complainants have failed to comply with the mandatory direction of that rule by alleging that they were shareholders at the time of the transactions of which complaint is made. Hawes v. Oakland, 104 U.S. 450, 26 L.Ed. 827.

For the reasons stated above, that the bill must be considered as a class bill which fails to join the proper parties defendant and to allege that the complainants were shareholders at the time of the transactions of which complaint is made, and that the bill considered as one merely for the appointment of a receiver is insufficient, the bill must be dismissed.

And now, January 28, 1936, this cause came on to be heard at this term, and was argued by counsel, and thereupon, after due consideration, it is ordered, adjudged, and decreed that the bill in equity be and hereby is dismissed.