## JACOBSON v. GENERAL MOTORS CORPORATION et al.

## WINKELMAN et al. v. SAME.

District Court, S. D. New York.
Feb. 2, 1938.

256

Charles Winkelman, of New York City (Arthur Berenson and Bernard Berenson, both of Boston, Mass., of counsel), for plaintiffs.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City (J. Harry Covington, Dean G. Acheson, and Charles A. Horsky, all of Washington, D. C., and Bertram F. Willcox, David Sher, and Ralph M. Carson, all of New York City, of counsel), for defendants.

KNOX, District Judge.

Two stockholders' suits have been brought by plaintiffs, attacking the so-called bonus plan and other methods of supplemental compensation used by General Motors from March, 1918, to 1936, as ultra vires, fraudulent, and illegal. The Winkelman action was originally brought in the Supreme Court of New York county, removed, and consolidated with the Jacobson case, already pending here.

Invoking Equity Rule 27, 28 U.S.C.A. following section 723, defendants seek to strike from the complaints the allegations referring to acts prior to May 27, 1929, on the ground that that is the earliest date as to which plaintiffs can allege and prove ownership of their stock.

Equity Rule 27, 28 U.S.C.A. following section 723, provides as follows:

"Every bill brought by one or more stockholders in a corporation against the corporation and other parties, founded on rights which may properly be asserted by

the corporation, must be verified by oath, and must contain an allegation that the plaintiff was a shareholder at the time of the transaction of which he complains, or that his share had devolved on him since by operation of law, and that the suit is not a collusive one to confer on a court of the United States jurisdiction of a case of which it would not otherwise have cognizance. It must also set forth with particularity the efforts of the plaintiff to secure such action as he desires on the part of the managing directors or trustees, and, if necessary, of the shareholders, and the causes of his failure to obtain such action, or the reasons for not making such effort."

It will be seen that the foregoing is a composite of four distinct requirements: (1) Verification; (2) ownership of stock at time of transactions under attack; (3) denial of collusion; and (4) prior demand or its equivalent. The first and third requirements have been construed in the light of the original purpose of the rule to prevent collusive resort to the federal jurisdiction. Cf. Hawes v. Oakland, 104 U.S. 450, 26 L.Ed. 827. They have, therefore, been held inapplicable to cases removed from the state courts (Maeder v. Buffalo Bill's Company, C.C., 132 F. 280; Earle v. Seattle, L. S. & E. R. Co., C.C., 56 F. 909; Evans v. Union Pacific Railroad Co., C.C., 58 F. 497), or involving merely a federal question, Ball v. Rutland R. Co., C.C., 93 F. 513; Kimball v. Cedar Rapids, C.C., 99 F. 130.

Prior demand or its equivalent, on the other hand, is a universally accepted principle of equity and has been applied in most federal cases, regardless of their origin or nature. Watts v. Vanderbilt, 2 Cir., 45 F.2d 968; Wathen v. Jackson Oil & Refining Company, 235 U.S. 635, 35 S.Ct. 225, 59 L.Ed. 395; Davis & Farnum Manufacturing Company v. Los Angeles, 189 U.S. 207, 23 S.Ct. 498, 47 L.Ed. 778. Contra, however, Evans v. Union Pacific Railroad Company, supra. Relaxation of the rule where the corporate managers are antagonistic is grounded in equity, not on the fact that collusion in such cases is impossible.

 Defendants here contend that the second part of the rule, relating to the time of stock ownership, is likewise an equitable principle, and applies even where no possibility of collusion is present. Ex-

press support for this position is found in Venner v. Great Northern Railway Co., C.C., 153 F. 408, and Hitchings v. Cobalt Central Mines Company, C.C., 189 F. 241, where this court unequivocally applied the requirement of contemporaneous ownership to cases removed from the state court. The same has been done in other districts. Reilly v. Fuhrmann & Schmidt Brewing Co., D.C., 13 F.Supp. 361; Church v. Citizens' Street Railway Co., C.C., 78 F. 526; Robinson v. West Virginia Loan Company, C.C., 90 F. 770.

So far as I know, there is no specific holding to the contrary.

In Dimpfell v. Ohio & Mississippi Railroad Co., 110 U.S. 209, 3 S.Ct. 573, 28 L.Ed. 121, the Supreme Court of the United States seems to have given to this portion of the rule a status equal to that of prior demand as a principle of equity when it said:

"And it does not appear that the complainants owned their shares when these transactions took place. For aught we can see to the contrary, they may have purchased the shares long afterwards, expressly to annoy and vex the company, in the hope that they might thereby extort, from its fears, a larger benefit than the other stockholders have received or may reasonably expect from the purchase, or compel the company to buy their shares at prices above the market value. Unfortunately, litigation against large companies is often instituted by individual stockholders from no higher motive."

And in Taylor v. Holmes, 127 U.S. 489, 8 S.Ct. 1192, 1193, 32 L.Ed. 179, it said:

"Although there is in the bill a declaration that the two complainants are owners of a majority of the stock of the Gold Hill Mining Company, there is no statement as to when or how they became such, or whether they were such stockholders during the times that injuries were inflicted, of which they now complain, in regard to the taking possession of the property by the defendants, or whether they became stockholders afterwards. In short, there is no such averment of their relation to the corporation, or of their interest in the matter about which they now seek relief, as brings this action within the principle of the decisions of this court upon the subject. Hawes v. Oakland, 104 U.S. 450 [26 L.Ed. 827]."

To the same effect is the opinion in Venner v. Great Northern Railway Co., 209 U.S. 24, 28 S.Ct. 328, 52 L.Ed. 666.

While these decisions may be rested on other grounds, and in particular on non-compliance in each instance with the requirement of prior demand, the dicta quoted tend to show that contemporaneous ownership is a basic principle of equity in federal stockholders' suits. A substantial number of states are in accord (Home Fire Insurance Company v. Barber, 67 Neb. 644, 93 N.W. 1024, 60 L.R.A. 927; 108 Am.St.Rep. 716; Alexander v. Searcy, 81 Ga. 536, 8 S.E. 630, 12 Am.St.Rep. 337; Boldenweak v. Bullis, 40 Colo. 253, 90 P. 634; Clark v. American Coal Company, 86 Iowa 436, 53 N.W. 291, 17 L.R.A. 557, and other cases cited, Fletcher, Cyc. Corp., Section 5981), although the rule, which prevails at common law, in England and in New York, (Seaton v. Grant, L.R. [1867] 2 Ch.App. 459; Pollitz v. Gould, 202 N.Y. 11, 94 N.E. 1088, 38 L.R.A.,N.S., 988, Ann.Cas.1912D, 1098. See, also, 21 H.L.R. 195, 202), is to the contrary.

In this district, an anomaly exists in that the requirement in question has been expressly held inapplicable to cases removed from the state court on the ground of a federal question. Lindsley v. Natural Carbonic Gas Company, C.C., 162 F. 954; Hand v. Kansas City Southern Railway Co., D.C., 55 F.2d 712; Contra, Whittemore v. Amoskeag National Bank, C.C., 26 F. 819. This is inconsistent with the view that the rule amounts to more than an assurance against collusion. If the matter were one of first impression, it might be more logical to hold that there should be no distinction between the two classes of cases. But until an authoritative decision to such effect is made by the Supreme Court, the distinction will doubtless continue. Furthermore, it seems that there is some basis for the distinction between cases which invoke federal questions and those in which federal jurisdiction is based solely on diversity of citizenship and the presence of the appropriate controversial sum.

■ Accordingly, relief under Rule 27, 28 U.S.C.A. following section 723, will be granted as prayed for, with leave to plaintiffs to replead within twenty days. Defendants'. time to answer will be extended as requested, and particulars granted as to the time at which plaintiffs acquired their stock. Consolidation of the case will also be decreed, saving, however, to plaintiffs their rights to question at all proper times on appeal, the correctness of the decisions ordering removal of the Winkelman action and disallowing a discontinuance.

■ In regard to the relief sought under Supreme Court Equity Rule 21, 28 U.S.C.A. following section 723, it is my view that the complaint is unduly prolix, and too evidentiary in character. To my mind there is no necessity for the allegations contained in the first paragraph of the complaint concerning plaintiffs' belief as to the attitude of stockholders other than themselves with respect to the activities of the defendants. This paragraph should be redrafted so as to eliminate allegations that do not go to the merits of the controversy in which the present plaintiffs are engaging the defendants.

■ As to paragraph 18, I may say that the market value of General Motors stock, fluctuating as it does, is of no particular importance, and an allegation in respect thereto has no place in the complaint. It will be stricken. Paragraphs 19 and 20 may stand, the theory being that the allegations therein constitute matters of inducement to the state of affairs that ultimately came into existence. The last sentence of paragraph 21 will be stricken. The contents of paragraph 22, aside from the allegation having to do with the split up of shares, will also be stricken. Some of paragraph 23 may be pertinent, but most of it is bad pleading. The court, at the moment, is without the time to specify the particulars of the faults that are obvious. Let the entire paragraph be redrawn and all evidentiary matter eliminated. Paragraph 24, in many particulars, is objectionable. There is no need to characterize, as prosperous or otherwise, the years to which reference is made. Defendants, it must be remembered, are under a duty to plead to the complaint. It is necessary, therefore, that plaintiff plead facts that are not pregnant with negations. In connection with paragraph 25, it is my thought that plaintiffs should restrain themselves from the lecture upon morals and law therein contained. It were better that definite statement be made of the acts of the defendants for which evidence will be offered to hold them to accountability. Paragraphs 26 to 28A may stand. The averments there made may

possibly be necessary in order to show the development of the plan and scheme to which defendants may have a ground of valid objection.

By far the greater portion of the statements in subdivisions 1 to 11, in paragraph 40, should be stricken. They are in apparent anticipation of defenses to be pleaded, and are so phrased that, when considered in conjunction with other allegations, they can neither be denied nor admitted. If any part of this matter is to stand, it must be redrafted, and radically changed. Fairness demands that defendants be presented with an opportunity to answer facts instead of conclusions and broad statements of condemnation.

When the amended complaints are filed, it is to be hoped that they will conform much more closely to the proprieties of pleading than do those now before me. This court is much too busy to be put to the recurring necessity of revising pleadings where it is altogether possible for them to have been drawn in compliance with established precedents and the rules of the Supreme Court, 28 U.S.C.A. following section 723. Leave will be granted to redraft the portions of the bill of which I have expressed disapproval.

An order may be submitted in accordance with the foregoing opinion.