**Rita GOTTESMAN, Maria Mattiello and Paul J. Peyser, Plaintiffs,**

v.

**GENERAL MOTORS CORP. and E. I. du Pont de Nemours and Company, Defendants.**

United States District Court
S. D. New York.

July 7, 1961.

See also 171 F.Supp. 661.

Netter & Netter, New York City, Gen. Counsel, for plaintiffs, Edward A. Rothenberg, Henry L. Bayles, Abbott Gould, New York City, of counsel.

Frank H. Gordon, New York City, for defendant E. I. du Pont de Nemours & Co., Charles A. Rittenhouse, III, Irving Shapiro, Wilmington, Del., of counsel, and Covington & Burling, Washington, D. C., Charles A. Horsky, Alvin Friedman, and Henry Sailer, Washington, D. C., of counsel.

George A. Brooks, New York City, for defendant Gen. Motors Corp., Henry N. Hogan, Detroit, Mich., and Edward B. Wallace, New York City, of counsel.

METZNER, District Judge.

The parties in their statements of issues, presented in connection with a pretrial conference in this minority stockholders' suit, have raised the question of the applicability of Rule 23(b) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The pertinent portions of this rule read as follows:

" * * * the complaint shall be verified by oath and shall aver (1) that the plaintiff was a shareholder at the time of the transaction of which he complains * * * "

The court is called upon to decide the apparently novel question of whether the contemporaneous-ownership requirement of Rule 23(b) (1) applies to a derivative stockholders' action brought originally in the federal court and based on a federal question (i. e., the antitrust laws). Developments—Multiparty Litigation, 71 Harvard L.Rev. 875, at 951.

The contemporaneous-ownership rule was adopted by the Supreme Court in the case of Hawes v. Oakland, 1882, 104 U.S. 450, 26 L.Ed. 827. In order to implement its decision the court adopted Equity Rule 94, which was later embodied in Equity Rule 27, of which Rule 23(b) is substantially a copy and which the Second Circuit has held to be a "scrupulous re-enactment" of these rules. Goldstein v. Groesbeck, 2 Cir., 1944, 142 F.2d 422, 154 A.L.R. 1285; Original Committee Note of 1937 to Rule 23; Advisory Committee Note of 1946 to Rule 23.

While one of the purposes behind clause (1) of Rule 23(b) and its predecessors was to prevent the conferring of collusive jurisdiction on the federal courts, Delaware & Hudson Co. v. Albany & Susquehanna RR., 1909, 213 U.S. 435, 29 S.Ct. 540, 53 L.Ed. 862, it is clear that the rule relates to more than a jurisdictional requirement and is designed to prohibit a subsequent purchaser from speculating in litigation. Venner v. Great Northern Ry., 1908, 209 U.S. 24, 28 S.Ct. 328, 52 L.Ed. 666; Dimpfell v. Ohio & Mississippi Ry. Co., 1884, 110 U.S. 209, 3 S.Ct. 573, 28 L.Ed. 121; Jacobson v. General Motors Corp., D.C. S.D.N.Y.1938, 22 F.Supp. 255, 257; Summers v. Hearst, D.C.S.D.N.Y.1938, 23 F. Supp. 986, 989. As such it must apply to suits in the federal court where jurisdiction is based on a federal question as well as suits where jurisdiction is based on diversity of citizenship.

Plaintiffs point to two decisions in this district which refuse to apply the contemporaneous-ownership provision to actions originally brought in· the state courts and removed by the defendant on federal question grounds. Hand v. Kansas City Southern Ry. Co., D.C.S.D.N.Y. 1931, 55 F.2d 712, followed by Jablow v. Agnew, D.C.S.D.N.Y.1940, 30 F.Supp. 718. Without commenting on the reasoning of these decisions, the anomalous situation they present has been recognized and they have been restricted to their particular facts. Jacobson v. General Motors Corp., supra, 22 F.Supp. at page 258; Piccard v. Sperry Corp., D.C., 36 F.Supp. 1006, 1009, affirmed 2 Cir., 1941, 120 F.2d 328.

Plaintiffs' ·reliance on the decisions holding Rule 23(b) inapplicable to stockholders' derivative actions to recover "short-swing profits" realized by an insider under 16(b) of the Securities Exchange Act of 1934 is misplaced. These decisions are based upon the clear statutory language of 16(b), under which these suits were instituted. Blau v. Mission Corp., 2 Cir., 1954, 212 F.2d 77, certiorari denied 1954, 347 U.S. 1016, 74 S. Ct. 872, 98 L.Ed. 1138; Blau v. L. Albert & Son, D.C.S.D.N.Y.1957, 157 F.Supp. 816, 15 U.S.C.A. § 78p(b). The particular statutory phrase has been characterized by the Second Circuit as ·"the direct mandate of § 16(b) that suit may be brought 'by the owner of any security' without qualification." Blau v. Mission Corp., supra, 212 F.2d at page 79. There is no comparable provision in the antitrust laws, 15 U.S.C.A. § 15, and none should be read into the law.

■ The parties agree that the requirements of Rule 23(b) apply to the common law causes of action. The rule also applies to the causes of action based upon federal law and consequently plaintiffs here are limited to those federal causes of action accruing subsequent to May 4, 1950.

So ordered.