## TAYLOR *v.* HOLMES.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF NORTH CAROLINA.

No. 209. Argued April 5, 6, 1888. — Decided May 14, 1888.

A bill in equity filed in the Circuit Court of the United States in 1882 by a stockholder in a New York corporation, whose corporate term expired in 1878, to correct a deed of land in North Carolina made to the corporation in 1853, is barred by the statute of limitations in North Carolina, and by the general principles of courts of equity with regard to laches, unless a better reason for not instituting the suit earlier is given than the one given in this suit.

A stockholder in a corporation which has passed the term of its corporate existence, and has long ceased to exercise its corporate franchises, who desires to obtain equitable relief for it, must, in order to maintain an action therefor in his own name, show that he has endeavored in vain to

secure action on the part of the directors, if there are any, or to have the stockholders elect a new board of directors, and must disclose when he acquired his interest in the corporation.

BILL IN EQUITY. The case is stated in the opinion.

*Mr. Clarence R. Conger* for appellants.

*Mr. Samuel F. Phillips* for appellees.

MR. JUSTICE MILLER delivered the opinion of the court.

This is an appeal from the Circuit Court of the United States for the Western District of North Carolina.

A bill in chancery was brought in that court by Isaac Taylor, a citizen of the State of Massachusetts, and Sallie A. Howes, a citizen of the State of New Jersey, as they declare, "for themselves individually, each as a holder and owner of shares of the capital stock of the Gold Hill Mining Company, as well as for and in behalf of all other stockholders of the said company who may desire hereafter to unite with them," against Moses L. Holmes, Reuben J. Holmes, Ephraim Manney and Valentine Manney, all citizens of the State of North Carolina. To this there was a demurrer, which was sustained, and a decree rendered dismissing the bill.

The Gold Hill Mining Company, according to the bill, was duly incorporated under the laws of the State of New York, August 30, 1853; its capital stock fixed at $1,000,000 and its shares at the par value of five dollars each. Its term of existence was to be twenty-five years. It also appears from the bill, that shortly after its organization, to wit, September 1, 1853, this corporation bought of Moses L. Holmes, one of the defendants, the Gold Hill mines and mining property, consisting of twelve lots and tracts of land lying in the counties of Rowan and Cabarrus, in the State of North Carolina; that the company expended large sums of money in the pursuit of mining and in making improvements upon the lands of which it had possession, and that $20,000 or thereabouts was raised by assessments upon its stock. It would appear that this was

the condition of affairs before the outbreak of the war, in 1860, when the enterprise seemed to be a failure, and practical mining was abandoned. The bill also set up a foreclosure sale under a mortgage at which the property was purchased in by Moses L. Holmes and Reuben J. Holmes who have had undisturbed possession thereof ever since.

It is also alleged in the bill, that about July, 1861, the officers of the corporation, which had been in possession of the property, were driven off by the defendants, and that thereafter, by the death and resignation of its officers and directors or the greater part thereof, it became utterly disorganized and never held any meetings of its directors or stockholders since the year 1862, so that at the time of the filing of the bill there was but one director of the corporation living and surviving, within the knowledge of complainants; and it is alleged that he, by his acts and doing and connections with the defendants in and touching pretended claim or claims adversely to the interest of said corporation and its stockholders and creditors, has rendered himself incompetent to assert and protect the rights of said corporation and of complainants, and has refused and neglected and still refuses and neglects so to assert and protect the same.

One of the objects of the bill is to correct an alleged mistake in the original conveyance made by Moses L. Holmes, of the lands on which the mining operations were conducted, to this corporation; the allegation being that it was intended to convey to it a perfect title in fee simple, whereas, wanting the words of limitation to heirs or assigns, and other defects, it did not convey such a title. These matters are set forth with much particularity and at great extent in the bill of the complainant, but as the decision of the court does not turn upon them nor upon another question which has been raised connected therewith, as to whether or not one of the deeds was delivered as an escrow or absolutely, we need not here consider them further.

The court below sustained the demurrer to the bill upon two principal grounds: First, that the suit was barred by the statute of limitations and by the general doctrine of laches as

applicable in courts of chancery. Second, that no sufficient reason is shown why the suit should be brought by two stockholders instead of by the corporation itself, in its own name. We think both of these grounds or either of them sufficient to sustain the position taken by the court below.

It is, however, alleged that the corporation itself is extinct by reason of the limitation placed upon its existence, under the articles of incorporation, by which it expired on the 30th day of August, 1878. But, under the laws of New York, the existence of such a corporation was continued after the period for which it was limited for the purpose of winding up its business, and for the purpose of collecting and distributing its assets and paying its debts. Although the allegation of the bill is that many of the directors of the company are dead, still it is shown that one of them survives, and no assertion is made that there was any application to this surviving director on the part of the defendants for the purpose of instituting any proceedings looking to the rectification of this deed or for the recovery of the real estate in North Carolina; nor does it appear that there was any request made to him to bring any suit either at law or in chancery for that purpose. No effort was made to call together the stockholders to take any action on the part of the company, or to elect other directors, or to obtain any united action in the assertion of the claims now set up.

Although there is in the bill a declaration that the two complainants are owners of a majority of the stock of the Gold Hill Mining Company, there is no statement as to when or how they became such, or whether they were such stockholders during the times that injuries were inflicted, of which they now complain, in regard to the taking possession of the property by the defendants, or whether they became stockholders afterwards. In short, there is no such averment of their relation to the corporation or of their interest in the matter, about which they now seek relief, as brings this action within the principle of the decisions of this court upon the subject. *Hawes* v. *Oakland*, 104 U. S. 450.

Under the statute of limitations of the State of North Caro-

lina, or upon the general principles of courts of equity with regard to laches, the complainants are barred of relief in the present case.

The mistake sought to be corrected, which is made the foundation of the present suit, occurred in 1853. This suit was brought in 1882, after the lapse of nearly thirty years, during all of which time the action might have been brought, so far as relates to the correction of the alleged mistake in the deed. During seven or eight years of this time the corporation was in full existence and operation; it had the means to prosecute this suit and had an opportunity of knowing, or at least its principal members must have known, all the facts which are now brought to the consideration of the court, and even up to the time when this suit was commenced there was a director surviving who had never been discharged or resigned. There was no reason, if stockholders were proper persons to bring this action, why proceeding should not have been begun by them upon the practical dissolution of the company in 1862, after which time, as the complainants allege, no corporate organization was kept up, no work or business done, and no attempt made by any of the directors to act upon any of the rights of the corporation or to exercise their authority in the conduct of its affairs. If we allow some deduction for the period of the war, which closed in 1865, there still remains the long delay between that time and the bringing of this suit in 1882, a period of about seventeen years. This lapse of time requires some better account in regard to the reasons why this suit was not earlier instituted than is given in the present bill. It is obvious that during all this time, and, indeed, from the year 1861, when, as the bill declares, the defendants took possession of the property, it has been held by them adversely to the claim of the Gold Hill Mining Company, and to the claim of the complainants. No sufficient reason is given why relief was not sought earlier. During all this period the shares of the corporation seem to have been of no value, so that the complainants may have bought them in the market for a very inconsiderable sum and may now be prosecuting a suit for relief which, if sustainable at all, ought to inure to the benefit of other parties. *Clarke* v. *Boorman*, 18 Wall. 493.

These questions have been too frequently discussed in this court to need further comment. We concur with the Circuit Court that the bill is without merit, and believe that it was rightfully dismissed. The decree is, therefore,

*Affirmed.*