## TEVIS *v.* HAMMERSMITH ET AL.

[No. 4,243. Filed January 28, 1903. Rehearing denied April 1, 1903. Appeal to Supreme Court dismissed June 5, 1903.]

CORPORATIONS.—*Stockholder's Suit.—Demand.*—A suit by a stockholder of a corporation against an officer thereof, for the benefit of the corporation, may be maintained, without showing a demand upon the board of directors to bring the suit, where the complaint discloses a condition of facts which renders it reasonably certain that a suit by the corporation would be impossible and that a demand therefor would be useless. *p. 283.*

SAME.—*Stockholder's Suit.*—A complaint by a stockholder against the president of the corporation for the benefit of the corporation and its stockholders for the possession of certain iron pipe, and for an accounting, alleging that the corporation was organized for the purpose of constructing a system of water-works and had purchased a quantity of iron pipe; that the corporation had abandoned its purpose, forfeited its right, ceased entirely to hold directors' meetings and the directors had abandoned their offices;

that the iron pipe had greatly advanced in price and the president was selling the same far below the market price at a profit to himself, states a cause of action. *pp. 282-291.*

From Clark Circuit Court; *J. K. Marsh,* Judge.

Suit by John Tevis against Louis Hammersmith and others. From a judgment for defendant on demurrer to complaint, plaintiff appeals. *Reversed.*

*Helm, Bruce & Helm, C. D. Kelso, J. V. Kelso, C. L. Jewett* and *H. E. Jewett,* for appellant.

*Clarence Dallam, Jacob Herter, G. H. Hester* and *G. H. Voigt,* for appellees.

Roby, C. J.—The record shows an amended complaint, to which demurrers for want of facts were sustained. The plaintiff refused to plead further, and appeals from a judgment against him, assigning error upon such action of the court. The suit was instituted by appellant as a stockholder of the Home Crystal Water Company, for the benefit of the corporation, against the president and the other appellees.

It may be stated generally that foundation for such suits is furnished by the existence of either of the following enumerated conditions: (1) Some action, or threatened action, by the board of directors or trustees, beyond their power; (2) a fraudulent transaction, completed or contemplated by the acting managers, in connection with some other party or among themselves, causing injury to the corporation or stockholders; (3) action by the board of directors, or a majority of them in their own interest, and in a manner destructive of the corporation, or the rights of the other stockholders; (4) where a majority of the stockholders are illegally and oppressively pursuing a course in the name of the corporation, which is in violation of the right of the other stockholders, and can only be restrained by a court of equity. *Hawes* v. *Oakland,* 104 U. S. 450, 26 L. Ed. 827; *Dodge* v. *Woolsley,* 18 How. 331,

15 L. Ed. 401; *Board, etc.,* v. *Lafayette, etc., R. Co.,* 50 Ind. 85, 100; *Carter* v. *Ford Plate Glass Co.,* 85 Ind. 180; *Wayne Pike Co.* v. *Hammons,* 129 Ind. 368; Cook, Corp. (5th ed.), §645; Clark & Marshall, Priv. Corp., §536.

The complaining party must have had no share in the acts, nor have ratified them. He must bring his suit seasonably. He must show to the court that he has exhausted all the means within his reach to obtain redress within the corporation. He must make a good-faith and reasonable effort to induce the corporation to bring the suit itself. *Hawes* v. *Oakland, supra; Taylor* v. *Holmes,* 127 U. S. 489, 8 Sup. Ct. 1192, 32 L. Ed. 179; Cook, Corp. (5th ed.), §740; Clark & Marshall, Priv. Corp., §543.

It is ordinarily necessary to show a demand upon the board of directors to bring suit, and a refusal upon their part; but the law does not require idle ceremonies, and when it is made to appear that a demand would have been unavailing,—as when the corporation is under the control of the wrongdoers, "in the hands of its enemies,"—such facts are sufficient. *Wayne Pike Co.* v. *Hammons, supra; Rogers* v. *Lafayette, etc., Works,* 52 Ind. 296; *Board, etc.,* v. *Lafayette, etc., R. Co., supra; Carter* v. *Ford Plate Glass Co., supra;* Thompson, Corporations, §4500; Cook, Corporations, §741; *Knoop* v. *Bohmrich,* 49 N. J. Eq. 82, 23 Atl. 118. The demand upon the board and its refusal to act are stated by an approved author "material and issuable, if controverted they must be proved. If proof of them fails the whole foundation of the plaintiff's action is gone." Pomeroy, Eq. Jurisp., §1095.

The exception contended for by appellant is stated as follows: "This condition of fact, however, is not indispensable. The action may be maintainable without showing any notice, request, or demand to the managing body, or any actual refusal by them to prosecute; in other words, the refusal may be virtual." After stating the exception created when the corporation is shown to be in the hands

of the wrongdoers, so that a refusal may be implied with reasonable certainty, the section quoted concludes as follows: "In like manner when the plaintiff's pleading discloses any other condition of fact which renders it reasonably certain that a suit by the corporation would be impossible and that a demand therefor would be nugatory the action may be maintained without averring a demand or any similar proceeding on the part of the stockholder plaintiff." Pomeroy, Eq. Jurisp., §1095. This statement of the basis upon which a formal demand may be omitted is logical, and accords with equitable and correct principles. It is fairly deducible from the authorities, and is therefore adopted as expressive of the law.

The amended complaint under consideration is not carefully constructed. A large portion of it is devoted to the enumeration of matters occurring after the institution of the action, which, if relevant, should have been brought into the record by supplemental complaint, and not by amendment. *Barker* v. *Prizer,* 150 Ind. 4. Eliminating surplusage, its material facts are: That the Home Crystal Water Company is an Indiana corporation; that plaintiff was the owner of a large majority of the capital stock thereof before the transfer of property referred to, and at the time of the institution of the suit; that the corporate purpose was to construct a system of water-works in New Albany, and supply water to the citizens of said city; that the corporation secured a contract with the said city, empowering it to construct and maintain such system, a time limit for the construction thereof being contained therein; that, failing to comply with its undertaking, said corporation had abandoned its purpose and forfeited its right under such contract; that prior to such forfeiture it had purchased a large amount of iron pipe. Before the delivery thereof the price of iron pipe advanced, largely increasing the value of the pipe. After such rise in value the defendant Arlund, who was then president of said company, "did,

for the purpose of making a personal profit to himself, at the cost of said Home Crystal Water Company, and without the authority or consent of the board of directors of said corporation, agree with the said codefendants, Gheens, Bush, and Parker, to sell and transfer the said pipe to them at a price far below the market price of said pipe at the time of said contract with his said codefendants. The purpose of said arrangement and transfer was to transfer the benefit of the contract which the said company had theretofore made for such pipe, and thus enable Gheens, Bush, and Parker to get the advantage of the rise in the price of iron pipe, for which transfer a bonus or money consideration was to be paid by the said Gheens, Bush, and Parker to the said Arlund." Notice to the purchasers of the facts connected with the transaction is averred. It is further averred that upon the delivery, in New Albany, of said pipe, by the manufacturer, it was stored, warehouse receipts issued therefor to P. Arlund & Co., and thereafter from time to time said Gheens, Bush, and Parker, with the connivance and assistance and consent of said Peter Arlund, sold and delivered to the purchasers divers amounts of said pipe, from which sales they realized a sufficient amount of money to repay them the greater part of, and, as the plaintiff believes, the entire purchase price which they had paid for all said pipe to the manufacturer thereof under the contract which said water company had with said manufacturer; thus satisfying him in full, and leaving a large amount of pipe on hand in New Albany, representing the profit on said transaction. That after the failure of the enterprise of the water company and its forfeiture of its rights under the contract with the city, and long before the institution of this action, the water company ceased to maintain any office or place of business, and the directors thereof abandoned their offices as directors, and ceased entirely to hold directors' meetings, and had held no such meetings for many months

prior to the institution of this action. That plaintiff knew that the corporation had purchased said pipe, and that portions of it were being sold, but that he did not know who claimed to be the owner of that part remaining in the possession of the warehousemen, and did not know for whom they claimed to hold the same. He alleges the fact that if he had demanded of Arlund, then president of said water company, that a suit be instituted to recover said pipe and restrain its further disposition, such demand would be the cause of its being immediately shipped out of the jurisdiction of the court, and would defeat the purpose of the plaintiff to recover or secure said pipe for the benefit of said corporation. That if a meeting of the board of directors could have been gotten together for the purpose of making a demand upon the board of directors to institute such action, this could not have been accomplished without said Arlund being notified of said called meeting and of such demand, because he was then a member of the board of directors, as well as president of the corporation; and that if such a meeting had been called, or such a demand had been made, the effect would have been that said pipe would have been shipped out of the State of Indiana before any action could have been brought, and thereby the purpose of the action would have been defeated.

The action is brought for the benefit of the corporation and its stockholders, and judgment is asked for the possession of the pipe, and, in default thereof, judgment for its value and for an accounting. The facts averred are sufficient to furnish foundation for an action by the corporation against Arlund and his co-appellees. The law will permit no speculation by an officer at the expense of and to the detriment of his corporation. *Wayne Pike Co.* v. *Hammons, supra;* Cook, Corp., §650.

The averment that appellant owned the majority of the stock of the corporation does not strengthen his case in so

far as his right to maintain the action is concerned, but tends to weaken it. By virtue of such ownership he had power to retrieve the wrong complained of within the corporation. Lack of time to call and hold a meeting of the stockholders is, however, sufficient to excuse such action, and we think such lack of time is shown by this complaint. In its absence the action can not be maintained. *Dunphy* v. *Travelers, etc., Assn.,* 146 Mass. 495, 16 N. E. 431; Morawetz, Priv. Corp. (2d. ed.), §§240-242; *Hawes* v. *Oakland,* 104 U. S. 450, 26 L. Ed. 827. That no meetings had been held by the directors for some time, and that the enterprise for the prosecution of which the corporation had been created had been abandoned is not in itself an excuse for action by other than the corporation. In *Taylor* v. *Holmes,* 127 U. S. 489, 8 Sup. Ct. 1192, 32 L. Ed. 179, the date of incorporation was 1853. The decision was rendered in May, 1888. It was alleged that in 1861 the officers of the corporation were "driven off by the defendants, and that thereafter, by the death and resignation of its officers and directors or the greater part thereof, it became utterly disorganized and never held any meetings of directors or stockholders since the year 1862, so that at the time of the filing of the bill there was but one director of the corporation living and surviving, within the knowledge of the complainants; and it is alleged that he, by his acts and doing and connections with the defendants in and touching pretended claim or claims adversely to the interest of said corporation, and its stockholders and creditors, has rendered himself incompetent to assert and protect the [its] rights." The court said: "No effort was made to call together the stockholders to take any action on the part of the company, or to elect other directors, or to obtain any united action in the assertion of the claims now set up." The case is distinguishable from the one at bar in that a reason is shown absolutely precluding such delay in the institution

of the action as would be necessary to call and hold a stockholders' meeting at which to elect officers and directors who could and would act in the premises.

It may further be observed that federal cases, decided since the adoption of rule ninety-four, requiring a demand to be shown prior to the institution of a stockholder's suit, are not controlling in this State, where such requirement depends upon equitable principle, and not upon a rule of court. The restrictive character of such provisions do not attach to the equitable principle. *Miller* v. *Murray,* 17 Colo. 408, 30 Pac. 46. It is well settled, however, that a nonuser of its franchises by a corporation in Indiana may furnish cause for a judicial declaration of forfeiture, but it does not in itself amount to forfeiture. *Logan* v. *Vernon, etc., R. Co.,* 90 Ind. 552.

It does not follow, however, that the condition of the corporation and the attitude of its officers toward it are not to be taken into account in determining whether the pleading states facts "rendering it reasonably certain that a suit by the corporation would be impossible." The number of its directors is not averred. No by-law or other provision governing the calling of directors' meetings is averred. The affirmative allegations exclude other directors than Arlund from participating in the alleged fraud at the time of its inception. They presumptively constituted a majority of the board. Hence had a meeting of the board taken place, it would be presumed, in the absence of qualifying facts, that correct action would have followed. To excuse the failure to call a meeting of the directors, appellant avers, in substance, that an attempt to do so would have resulted in giving warning to the alleged wrongdoer, and thereby rendered any action thereafter taken futile. It is clear that the mere error in judgment of the directors of a corporation is not sufficient to justify the courts in taking control of the corporate business at the instance of

an individual stockholder. Such management may be corrected by the selection of new directors and otherwise, but in itself it furnishes no basis for a stockholder's suit. Morawetz, Priv. Corp. (2d ed.), §243.

The strength of appellant's position does not lie in any one fact, but in the combination of them all. A corporation, deserted by its directors, its purposes abandoned, its secondary franchise forfeited and lost by a change in the market, is in position to realize, not only the price it had agreed to pay for pipe, of which it can make no use, but a large profit thereon. Its president, a member of the directory, takes advantage of his official position, and seeks to secure the profit in the transaction for himself and his associates outside the corporation. Unless immediate action is taken the property will be removed beyond the jurisdiction of the court.

While the complaint does not show that the directors had resigned their offices, it does show that they had ."abandoned" them, and the condition stated could only exist in connection with indifference and inattention to their official duties. It is undoubtedly true that, in order to make an efficient demand upon the directors for the institution of a suit, it would be necessary that a meeting be held. A demand made upon the individual separately would not be sufficient. *Junction R. Co.* v. *Reeve,* 15 Ind. 237; *Allemong* v. *Simmons,* 124 Ind. 199; Cook, Corporations (5th ed.), §713a; Clark & Marshall, Priv. Corp., §677.

The larger share of the loss suffered by the corporation would in the end fall upon the stockholder having the larger interest. In view of the attitude assumed by Arlund, president and member of the board, and of the condition to which affairs had come, it is not difficult to infer that a demand would have been ineffective; and the more easily so since before it could be made, the suit would have become of no avail.

Vol. 31—19

In the interest of fair dealing, having regard to the allegations which on their face show an indefensible course of conduct, giving to each circumstance its own weight and the added weight to which it is entitled by reason of its connection with the other circumstances alleged, it is held that a virtual refusal by the governing authorities of the corporation to bring the suit is shown.

Judgment reversed and cause remanded, with instructions to overrule the demurrer to the complaint, and for further proceedings not inconsistent herewith.


## On Petition for Rehearing.

Roby, C. J.—In support of the petition for a rehearing it is earnestly insisted that "this court erred in holding that appellant's amended complaint was sufficient upon demurrer, without stating when the appellant acquired the stock in his hands—whether before or after the alleged fraudulent transactions on the part of the Home Crystal Water Company's officers." The point stated was urged by appellees in their original brief. It was answered by appellant in his reply brief. The amended complaint contains an allegation as follows: "Plaintiff is, at the time of the institution of this action, and for a long time prior thereto was, the owner of a large amount, to wit, a large majority, of the capital stock of said corporation, and was the owner of a large amount of said stock before any of the alleged or pretended sales or transfers of property hereinafter referred to, and herein complained of." It did not become, in view of the foregoing, necessary to decide the legal propositions urged by appellant.

It is further asserted that appellant's remedy was by injunction, that no warrant existed for the appointment of a receiver, and that this court failed to consider the point. The prayer of the amended complaint is for judg-

ment for the possession of the property, or for its value, and for an accounting. No question involving the appointment of a receiver is presented by the demurrer.

Petition overruled.