## MARCOVICH *v.* O'BRIEN, AUDITOR OF STATE, ET AL.

### [No. 9,286.   Filed November 22, 1916.]

1.  CORPORATIONS.—*Stockholders.*—*Suing or Defending Actions in Behalf of Corporations.*—As a general rule, the stockholders of a corporation, for the purposes of all litigation growing out of the relations of the corporation and a third person, surrender their personal or individual entity to the corporation, and when it is properly in court, the stockholders are also in court so far as is necessary for the purpose of adjudicating all matters incident to the issues between such corporation and other parties litigant, and it is only in exceptional cases that stockholders will be permitted to sue or defend a· suit for and on behalf of themselves as stockholders of such corporation.   p. 111.

2.  CORPORATIONS.—*Stockholders.*—*Suing or Defending Actions in Behalf of Corporations.*—*Conditions Precedent.*—Stockholders in a corporation are permitted to sue or defend actions growing out of the relations of the corporation with third persons only in cases in which appear one or more of the following conditions:   (a) some action, or threatened action, by the board of directors or trustees, beyond their power;   (b) a fraudulent transaction, contemplated or completed by the acting managers, in connection with some other party or among themselves causing injury to the corporation or stockholders;   (c) action by the board of directors or a majority of them in their own interest, and in a manner destructive of the corporation or the rights of other stockholders;   (d) where a majority of the stockholders are illegally or oppressively pursuing a course in the name of the corporation which is in violation of the right of other stockholders, and can be restrained only by a court of equity.   p. 111.

3.  CORPORATIONS.—*Stockholders.*—*Suing or Defending Actions in Behalf of Corporations.*—*Conditions Precedent.*—When conditions exist which will permit a corporate stockholder to sue or defend on behalf of the corporation, such stockholder must have had no share in the acts giving him the right to sue, nor have ratified them, the suit must be brought seasonably, and he must have made a good-faith and reasonable effort to induce the corporation itself to bring the suit.   p. 112.

4.  CORPORATIONS.—*Stockholders.*—*Suing or Defending Actions in Behalf of Corporation.*—*Conditions Precedent.*—Before a stockholder can sue or defend in behalf of a corporation it is ordinarily necessary to show a demand upon the board of directors to bring suit, and their refusal to do so; but the law does not

require a demand when it is made to appear that it would. have been unavailing. p. 112.

5. Corporations.—*Stockholders.—Suing or Defending Actions in Behalf of Corporation.—Corporation in Receiver's Hands.*—The rules governing stockholders of a corporation in bringing actions originally, for and in behalf of themselves, apply where the corporation is insolvent and its affairs are being managed and settled through a receiver appointed by, and acting under, the direction and orders of the court. p. 112.

6. Receivers.—*Insolvent Corporations.—Property as Trust Fund.*—Where a court has taken possession of the property of an insolvent corporation for administration, and appointed a receiver, the property of the corporation is a trust fund for the payment of its debts. p. 112.

7. Receivers.—*Officer of. Court.—Functions and Duties.*—The receiver of an insolvent corporation is not the agent of either party to the action, but is regarded as an officer of the court, exercising his functions for the common benefit of all parties in interest. p. 113.

8. Receivers.—*Represents Both Stockholders and Creditors.—Duties.*—While for the purposes of determining the nature and extent of his title, a receiver represents the insolvent corporation itself, yet he represents both stockholders and creditors and is to. be regarded as their trustee, charged with the duty of collecting, assembling, protecting and preserving the assets of such corporation for the benefit of those entitled thereto, subject to the orders and directions of the court whose officer he is. p. 113.

9. Receivers.—*Action by or Against Insolvent Corporation.—Rights of Receiver.*—The receiver of an insolvent corporation is the proper party to bring any action which the corporation might have brought, and, as trustee for the creditors, can maintain and defend actions which the corporation could not. p. 113.

10. Corporations.—*Insolvency and Receivers.—Parties to Receivership Proceedings.—Statute.*—In the absence of a showing of a refusal of the receiver to discharge his duty in collecting and protecting, by all proper means, the assets of an insolvent corporation for the benefit of those entitled thereto, or some showing of collusion or fraud on his part by which the court was misled or induced to act against, or to fail to act in, the interests of those for whom the corporate assets were held in trust, a stockholder in an insolvent corporation is not entitled to be made a party to' a receivership proceeding, under §273 Burns 1914, §272 R. S. 1881, providing that when a complete determination of the controversy cannot be had without the pres-

ence of other parties, the court must cause them to be joined as proper parties. p. 115.

11. CORPORATIONS.—*Insolvency and Receivers.—Parties.*—The trial court might, in certain cases, permit a stockholder to intervene in a receivership proceeding, where its refusal to do so would not constitute reversible error. p. 115.

12. RECEIVERS.—*Application for Appointment for Insolvent Bank. —Notice to Stockholders.—Statute.*—Under §3346 Burns 1914, Acts 1895 p. 202, relating to the examination of banks, a notice by publication to the stockholders of a bank, alleged to be insolvent, is a necessary prerequisite to the appointment of a receiver therefor. p. 115.

13. CORPORATIONS. — *Insolvency and Receivers. — Allowances to Creditors. — Rights and Remedies of Stockholders.* — Where a stockholder in an insolvent bank sought to intervene in a receivership proceeding for the purpose of having reviewed the allowance of claims to certain creditors, and it appears from the record that such stockholder was given ample opportunity to interpose any defense or objection to such claims, he should have, if he had any valid defense to such allowances, presented it to the court and prosecuted his appeal from the ruling thereon, there being no charge that the allowance of the claims was induced by fraud or collusion. p. 116.

14. CORPORATIONS.—*Insolvency and Receivers.—Actions.*—A stockholder of an insolvent corporation is properly refused the permission to bring suits in behalf of the corporation, when the prosecution of such actions falls within the powers and duties of the receiver, in the absence of a showing that the receiver had ever been asked to bring such suits, or that he had refused to bring them, or refused to ask and obtain the necessary orders and directions of the court in reference thereto. p. 116.

15. APPEAL.—*Receivers.—Discharge of Duties.—Presumption.*—It will be assumed on appeal, in the absence of a showing to the contrary, that a receiver has or will discharge his duties as such, and that the court under whose directions such receiver is acting will make all orders necessary upon the receiver to the full protection of the corporation and the interests of its shareholders. p. 116.

From Lake Superior Court; *Virgil S. Reiter,* Judge.

Action by William H. O'Brien, Auditor of State, and another for the appointment of a receiver for the Indiana Trust and Savings Bank. Wolf Marcovich sought to intervene and from a judgment striking out his petition, he appeals. *Affirmed.*

W. J. *Murray* and *J. A. Stinson,* for appellant.
L. D. *Cravens,* for appellees.

Hottel, P. J.—The facts disclosed by the record herein, necessary to an understanding of the questions presented by this appeal are, in substance, as follows: Prior to and on October 29, 1913, the "Indiana Trust and Savings Bank," hereinafter referred to as the "insolvent .bank," was a corporation engaged in the business of a loan and trust company in the city of Indiana Harbor. On said day the auditor of state caused an examination of said bank and found it to be in an insolvent and failing condition. Thereupon an agreement was made between such auditor, the "Citizens Trust and Savings Bank," the "Indiana Harbor National Bank," the "First National Bank of East Chicago," and the "First Calumet Trust and Savings Bank," whereby said banks were to advance money as needed to pay the debts and depositors of the insolvent bank, and to that end the Citizens Trust and Savings Bank was to be appointed liquidating agent and by said agreement was authorized, as such agent, to borrow from either or any of the banks that entered into said agreement the money necessary for the payment of the creditors and depositors of such insolvent bank and to give to the bank so loaning money for such purposes a note or notes therefor, which notes were to be the obligation of the insolvent bank, and were to bear seven per cent. interest payable semi-annually, the assets of the insolvent bank to be held in trust by such liquidating agent for the payment of the notes. It seems that this arrangement had the sanction of a petition of the stockholders purporting to be signed by, persons representing more than eighty per cent. of the stock of such insolvent corporation. Said agent undertook and proceeded for a time with the discharge of its duties as liquidating agent, when the legality of many of its acts was questioned by some of the stockholders and creditors and such liquidating bank and the other banks above named petitioned for the appointment

of a receiver for such insolvent bank. A receiver was appointed, whereupon appellant and another stockholder filed their petition asking to be made parties defendant to the petition of said banks and were admitted as parties defendant thereto, and thereupon they filed a demurrer to said petition, which demurrer was sustained by the court. Thereupon appellee, William H. O'Brien, auditor of state, filed his petition in the Lake Superior Court, asking for the appointment of a receiver for said insolvent bank and, after due notice of such petition had been properly given, such court by the agreement of the parties appointed William Wright and fixed his bond at $150,000. Wright duly qualified and proceeded with the duties of such receivership, whereupon the banks that had furnished money to pay the creditors and depositors of the insolvent bank under the agreement above indicated filed their respective claims against such receiver, in which each of such claimants in its claim set out in detail the agreement above indicated and alleged that pursuant thereto it had furnished money to such liquidating agent, which had been used to pay creditors and depositors of said insolvent bank, and had taken notes therefor properly signed by such liquidating agent, which were filed with and made part of such claim, and asked to be subrogated to the rights of the depositors of said insolvent bank and to have its claims take the priority of such depositors.

After the filing of these claims, to wit, on July 2, 1914, the record shows the filing of other claims and proceeds as follows: "Comes also" (naming the various claimants, the banks above named, the former receiver and the present receiver), *"and comes also Wolf Marcovich, another of said stockholders* and comes also the Indiana Securities Company."

"The receiver herein now files his verified petition for leave to compromise and adjust certain claims and for the disposition of other matters shown in said petition, which

petition is in these words, to-wit:—'' This petition al-leges, among other things, that the cause of the claimant banks had been under inquiry for seven days, during which time evidence had been . heard ''enlightening the receiver and the court on all subjects hereinafter recommended in this petition''; that both before and at the trial the receiver and his attorney had ''investigated as carefully as possible the question of fact involved in the various matters hereinafter referred to, that this receiver has ascertained after a conference with the parties whose interests would be concerned, that a compromise and adjustment can be made of all subjects hereinafter referred to on the basis of the recommendation contained herein, to-wit:'' Then follows recommendation of the allowance of the claims of said banks in specified amounts aggregating $58,913.39; that such claimants be subrogated to the rights of the depositors of such insolvent bank; that all costs and expenses of the action heretofore by the claimant banks against the Indiana Trust and Savings Bank, resulting in the appointment of H. C. Rutledge, receiver, be borne by said claimant banks; that the report of the Citizens Trust and Savings Bank as liquidating agent should be approved, with the exception of certain enumerated items, which should be disallowed; that no fees for the liquidating agent's services, or the services of its attorneys should be allowed; that the report of said Rutledge, receiver, in said other case be approved, except that no charge for his services or that of his attorney should be allowed. There are other pro-visions which we need not set out.

Over the separate and several objections of the receiver and each of the said claimant banks, *appellant, Marcovich, was permitted by the court to file objections to the allowance and compromise of the claims of such banks.* The record shows that such objections were overruled by the court, and exceptions saved by Marcovich, and an appeal from such ruling prayed and granted, bond fixed and secur-

ity named and approved, and that the court "having examined said petition of the receiver and having heard the evidence upon the matters petitioned for therein and being fully advised in the premises now grants said petition." Then follows the judgment that the petition of the receiver be granted, setting out the several provisions thereof before indicated. Following this entry is an entry of January 6, 1915, reciting that appellant by counsel filed herein an intervening petition, which is set out. This petition alleges the filing of the claims by said banks, and that upon a hearing thereof *"an agreement was reached by the parties appearing in said action which was approved by the court and entered upon the record as the order of the court";* that appellant is a stockholder of the insolvent bank, being the owner of ten shares of the capital stock thereof, and as such is liable under the law for a stock assessment equal to the amount of the stock held by him; that when the assets of the insolvent bank are exhausted he will be sued by the receiver on his stock liability. The petition then charges that such insolvent bank through its officers committed acts contrary to law, in that it made illegal loans, procured the appointment of the liquidating agent and the first receiver as above set out, after which this action was begun by appellee and the present receiver, William H. Wright, was appointed; that the claims of the above named banks are found on notes given by John R. Farovid, as liquidating agent for the Indiana Trust and Savings Bank, upon the theory that said banks were entitled to be subrogated to the rights of depositors of such insolvent bank; that upon investigation appellant finds that the appointment of said liquidating agent was not made according to law, and that neither said insolvent bank or its stockholders ought to be bound by the acts of such liquidating agent; that the law requires eighty per cent. of the stockholders to join in a petition for such appointment and that less than fifty per cent. joined in the petition under which said liquidating

agent was appointed; that the Indiana Security Company and the Transylvania Company each voted fifty shares of stock for liquidation when neither of said companies was authorized to sign said petition; that notwithstanding the fact that there are $3,000 due the depositors, said claimants have asked and have been given a fifteen per cent. dividend on their claims above referred to; that the valuation of the assets of said insolvent bank was made by directors of banks which were competitors and claimants against said insolvent bank; that for several weeks prior to the closing of the doors of said insolvent bank, the officers of the three banks referred to, *supra,* which filed claims against the insolvent bank, were holding secret meetings at the First Calumet Trust and Savings Bank, with the bank examiners and banking clerk of the state department, devising ways and means of closing up and winding up the affairs of the insolvent bank, which meetings were held without the knowledge or consent of the officers of the insolvent bank, contrary to law and against public policy; that the stockholders of the insolvent bank had no knowledge of its affairs or conditions and were given no opportunity to straighten out its affairs; that the last examination made by the bank examiners of said insolvent bank showed it to be in a better condition than it had been for some time past; that no complaints were received from any source by the state department in reference to said insolvent bank, and yet directors of competing banks were called to Plymouth, Indiana, for the purpose of fixing the valuation of the assets of the said bank, and secret negotiations between the bank examiners and the chief bank clerk of the state department and the competitors of said insolvent bank began at that time; that whatever money has been paid by said claimant banks was a voluntary contribution for which they were fully repaid by the elimination of the insolvent bank as one of their competitors; that the stockholders of said insolvent bank have a cause of action against the three claimant banks for

damages resulting from the actions of said banks in conspiring to close the doors of the insolvent bank; that appellant has a good meritorious defense against the claims of said banks, and if permitted to intervene, he will make such defense; that after said insolvent bank had been declared insolvent, Charles E. Fowler, president of Indiana Trust and Savings Bank, purchased from the directors thereof the real estate, loan and rental business, and the fixtures of said bank for a small sum, a small part of which he has paid, and the balance of which is held by the receiver in unsecured notes; that such transaction was illegal and appellant, if made a party hereto, will petition the receiver to commence an action to recover back the above named property; that one Cain, a stockholder of said insolvent bank, purchased fifty shares of capital stock of said bank on August 30, 1910, and on April 4, 1913, said stock was taken up by said bank, or some officer thereof, and eventually paid for out of the funds of said bank without any authority whatever; that appellant believes that such transaction was brought about by duress, and on account thereof said Cain is indebted to said bank in the sum of $5,000, and appellant, if allowed to intervene, will petition the receiver to commence an action to recover the same; that the Indiana Security Company borrowed from said insolvent bank $13,000, secured by mortgage on a number of lots in Indiana Harbor, which your petitioner believes are worth considerably less than fifty per cent. of the amount for which they were mortgaged, and said Security Company is not keeping up the taxes and assessments upon said premises, and your petitioner believes that a receiver should be appointed for said Security Company for the protection of the interests of said insolvent bank, and if made a party defendant will petition this receiver to commence such action; that this insolvent bank, by its officers, loaned large sums of money to irresponsible persons on unsecured notes and notes secured by worthless securities; that

large mortgages were made on property owned or controlled by officers of the bank upon which the estate will suffer a loss of from fifty to sixty per cent.; that the directors of said bank are liable to the receiver for damages sustained by the bank in consequence of the negligence of said directors; that the petitioner, if permitted to intervene, will petition the receiver to bring actions in said cases.

A demurrer to this petition was filed and withdrawn, and a motion to strike out the petition was then filed by the receiver, which motion was sustained. To this ruling appellant excepted and prayed an appeal. This ruling is assigned as error in this court and relied on for reversal.

The ground upon which appellant predicates his right to be made a party to this suit is the showing made in his petition that he is a stockholder of the insolvent corporation, the property and business of which is being managed, directed and disposed of by said receiver under the orders of the court; that, as such stockholder, he, in common with other stockholders, is directly affected by each and all the proceedings had or taken in said receivership proceedings, and hence entitled to be made a party thereto under §273 Burns 1914, §272 R. S. 1881. This statute provides as follows: "The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others or by saving their rights; but when a complete determination of the controversy can not be had, without the presence of other parties, the court must cause them to be joined as proper parties. And when, in an action for the recovery of real or personal property, a person not a party to the action, but having an interest in the subject thereof, makes application to the court to be made a party, it may order him to be made a party by the proper amendment."

There is no claim or showing made in said petition that appellant has any interest other than that of a stockholder, or that as a stockholder his interest is different from, or

may be affected differently from, that of any other stockholder. It follows that appellant when he filed his 1. petition was in a sense already in court; that is to say, the corporation in which he is a stockholder was in court, and generally speaking the stockholders of a corporation, for the purposes of all litigation growing out of the relations between such corporation and a third person, surrender their personal or individual entity to the corporation in which they are stockholders, and when such corporation is properly in court, the stockholders are, under the law, also in court, so far as is necessary for the purpose of adjudicating all matters incident to the issues tendered between such corporation and such other party or parties litigant. It is only in exceptional cases that stockholders will be permitted to sue or defend a suit for and on behalf of themselves as stockholders of such corporation.

These exceptional cases are those in which appears 2. one or more of the following conditions: "(1) Some action, or threatened action, by the board of directors or trustees, beyond their power; (2) a fraudulent transaction, completed or contemplated by the acting managers, in connection with some other party or among themselves, causing injury to the corporation or stockholders; (3) action by the board of directors, or a majority of them, in their own interest, and in a manner destructive of the corporation, or the rights of the other stockholders; (4) where a majority of the stockholders are illegally or oppressively pursuing a course in the name of the corporation, which is in violation of the right of the other stockholders, and can only be restrained by a court of equity." *Tevis* v. *Hammersmith* (1903), 31 Ind. App. 281, 282, 66 N. E. 79, 66 N. E. 912, and cases there cited; *McFarland* v. *Pierce* (1898), 151 Ind. 546, 549, 45 N. E. 706, 47 N. E. 1.

It is further said in *Tevis* v. *Hammersmith, supra,* that in such cases the complaining stockholder "must have had no share in the acts, nor have ratified them. He must

bring his suit seasonably. He must show to the court that he has exhausted all the means within his reach to obtain redress within the corporation. He must make a good-faith and reasonable effort to induce the corporation to bring the suit itself. *Hawes* v. *Oakland, supra* (104 U. S. 450, 26 L. Ed. 827); *Taylor* v. *Holmes,* 127 U. S. 489, 8 Sup. Ct. 1192, 32 L. Ed. 179; Cook, Corp. (5th Ed.) §740; Clark & Marshall, Priv. Corp. §543.''

''It is ordinarily necessary to show a demand upon the board of directors to bring suit, and a refusal upon their part; but the law does not require idle ceremonies, and when it is made to appear that a demand would have been unavailing,—as when the corporation is under the control of the wrongdoers, 'in the hands of its enemies,'—such facts are sufficient. *Wayne Pike Co.* v. *Hammons, supra* (129 Ind. 368); *Rogers* v. *Lafayette, etc., Works,* 52 Ind. 296; *Board, etc.* v. *Lafayette, etc., R. Co., supra* (50 Ind. 85, 100); *Carter* v. *Ford Plate Glass Co., supra* (85 Ind. 180); Thompson, Corporations, §4500; Cook, Corporations, §741; *Knoop* v. *Bohmrich,* 49 N. J. Eq. 82, 23 Atl. 118. The demand upon the board and its refusal to act are stated by an approved author 'material and issuable, if controverted they must be proved. If proof of them fails the whole foundation of the plaintiff's action is gone'. Pomeroy, Eq. Jurisp., §1095.''

Such being the rules governing stockholders of a corporation in bringing actions originally, for and on behalf of themselves, there would seem to be even more reason for their application where the corporation is insolvent and its affairs are being managed and settled through a receiver appointed by and acting under the direction and orders of the court. ''When a court has taken possession of the property of an insolvent corporation for administration, and appointed a receiver, the property of the corporation is a trust fund for the payment of its debts.'' (*Franklin, etc.,*

*Bank* v. *Whitehead* [1897], 149 Ind. 560, 583, 49 N. E. 592, 63 Am. St. 302, and cases there cited) ; and the receiver in such case "is not the agent or representa-

7. tive of either party to the action, but is uniformly regarded as an officer of the court, exercising his functions * * * for the common benefit of all parties in interest." High, Receivers (4th Ed.) §1.

While for the purposes of determining the nature and extent of his title, such receiver represents the corporation itself, yet he represents both stockholders and credit-

8. ors and is to be regarded as their trustee, charged with the duties of collecting, assembling, protecting and preserving the assets of such corporation for the benefit of those entitled thereto, subject, of course, to the orders and directions of the court whose officer he is. *Voorhees* v. *Indianapolis, etc., Co.* (1895), 140 Ind. 220, 39 N. E. 738; *Big Creek, etc., Co.* v. *Seward* (1896), 144 Ind. 205, 42 N. E. 464, 43 N. E. 5; *National State Bank, etc.* v. *Vigo, etc., Bank* (1895), 141 Ind. 352, 356, 40 N. E. 799, 50 Am. St. 330; *Northwestern, etc., Ins. Co.* v. *Kidder* (1903), 162 Ind. 383, 390-392, 70 N. E. 489, 66 L. R. A. 89, 1 Ann. Cas. 509; *Coddington* v. *Canaday* (1901), 157 Ind. 243, 255-257, 61 N. E. 567. The receiver in such a case is the proper party to bring any action which

9. the corporation might have brought, and, "as trustee for the creditors, can maintain and defend actions which the corporation could not." *Franklin, etc., Bank* v. *Whitehead, supra,* pp. 583, 584, and cases there cited; *Voorhees* v. *Indianapolis, etc., Co., supra,* p. 239.

While our Supreme Court recognizes that a general creditor, by reason of his lien upon the property so held in trust by such receiver, "has the right to intervene and contest the validity as well as the priority of other claims or asserted liens," (*Franklin, etc., Bank* v. *Whitehead,*

*supra,* and cases cited), yet such court has also frequently held that such receiver "represents the creditors, and has the exclusive right to recover and protect the assets of the corporation, and that such actions can not be maintained by the creditors in their own names." *Northwestern, etc., Ins. Co.* v. *Kidder, supra,* 391, and cases there cited. It is likewise held that, in such cases, the right of action being one in favor of the corporation and not in favor of the individual shareholders, the latter cannot bring the action, but it may be brought by the receiver. *Coddington* v. *Canaday, supra,* p. 256.

In the case of *Voorhees* v. *Indianapolis, etc., Co., supra,* where a creditor of the insolvent corporation attempted to intervene, the court used the following language, which we think is pertinent and applicable to the petition under consideration: "The petition and proposed complaint, * * * were nothing more nor less than a proposal on the part of the rolling mill (petitioner) to usurp the functions of the receiver, or practically to appoint another receiver. The petitioner had no right to do this. Beach Rec., section 167. If one creditor could do so, each one could, and the purposes and objects of a receivership would be broken down and destroyed. All that is said in said petition against the receiver's conduct might be material to petition to remove him and appoint a successor, but those facts do not justify supplanting him by a person not a receiver. 20 Am. and Eng. Encyc. Law, 198, 199, 200, 201, 202, 3-4-5, and authorities there cited."

These cases, *supra,* seem to be conclusive as to the power and duty of the receiver to collect, protect and preserve all the assets of the insolvent corporation for the benefit of those entitled thereto, including stockholders as well as creditors, and to that end to maintain and defend all actions for or against such corporation, and where the interest of creditors requires, he may maintain and defend certain actions which the corporation itself could not. It.

follows, we think, that in the absence of a showing of a refusal of the receiver to discharge his duty in the respects indicated, or some showing of collusion or fraud on his part, by which the court had been or was being misled and induced to act against, or to fail to act in, the interests of those for whom such corporate assets were held in trust, appellant was not a necessary party to said action, and hence not such a party as the first proviso of the statute quoted above requires should be made a party. There is no claim that the second proviso of the statute has any application to the facts set up in said petition.

The conclusion we have reached, we think, makes it proper to observe that in our judgment the trial court, in the exercise of its discretionary power, might in certain cases permit a stockholder to intervene, where its refusal to do so would not constitute reversible error under the statute, *supra,* and in this connection we may also add that notice by publication to the stockholders of a bank, alleged to be insolvent, is a necessary prerequisite to the appointment of a receiver for such bank (§3346 Burns 1914, Acts 1895 p. 202), and we have no doubt that after such bank has been thus brought into court and a general receiver appointed, with complete authority to take charge of the assets of such corporation and to manage and administer the same for the stockholders and creditors, that either a stockholder, or a creditor that has established his claim, has such a standing in court that he may, on proper showing, ask and obtain from the court, orders and directions on the receiver in furtherance of the interests of stockholders and creditors and, if the receiver disobeys such orders, such stockholder or creditor may ask his removal by the court appointing him, and the refusal of such court to take such action as would protect all concerned would be ground for complaint in the appellate tribunal. *Voorhees* v. *Indianapolis, etc., Co., supra.*

It appears from the record and appellant's petition that the claims of the three banks, the allowance of which appellant in his petition seeks to have reviewed, were allowed by the court upon the agreement of the parties, after it had heard the evidence and considered the petition and recommendation of compromise filed by the receiver; that appellant and another stockholder were present in court and appellant was allowed to file objections to said petition and excepted to the ruling on said objections, and asked an appeal therefrom. It appears, therefore, that as to such claims appellant was given ample opportunity to interpose any objection or defense, and, if he had any valid defense to such allowances he should have then presented it to the court and properly prosecuted his appeal from the ruling thereon. There is no charge in appellant's petition that the allowance of said claims, so made by the court, was induced by any fraud or collusion practiced upon the court by either the receiver or the claimants.

As to the other suits contemplated by appellant, his petition shows that they were suits, the bringing of which, under the authorities cited, *supra,* properly fall within the powers and duties of the receiver, subject only to the orders and directions of the court in relation thereto, and there is no showing that the receiver had ever been asked to bring such suits, or that he had refused to bring them, or refused to ask and obtain the necessary orders and directions of the court in reference thereto. This court will assume, in the absence of a showing to the contrary, that the receiver has or will discharge his duties as such, and that the court under whose directions such receiver is acting will make all orders necessary upon the receiver to the full protection of the corporation and the interests of its shareholders and creditors. If, as appellant's brief seems to imply, there was collusion and fraud practiced upon the court in obtaining the allowance

of the claims of the said banks, appellant should have so alleged in his petition, and if such be the fact, appellant, and the other stockholders, are not without a remedy.

We find no error in the record, and the judgment of the trial court is therefore affirmed.

NOTE.—Reported in 114 N. E. 100.  See under (1) 10 Cyc 963; (2, 3) 10 Cyc 967; (4) 10 Cyc 976; (6) 34 Cyc 236.  Corporations, appointment of receiver, when proper, 72 Am. St. 48.