## WATTS et al. v. VANDERBILT.
### No. 169.

Circuit Court of Appeals, Second Circuit.
Dec. 15, 1930

the part of the managing directors or trustees, and, if necessary, of the shareholders, and the causes of his failure to obtain such action, or the reasons for not making such effort." The bill is silent as to any efforts by the plaintiffs to procure the corporation to bring suit for the redress of its wrongs. If the allegations that the board of directors has not functioned for the past five years and that there is no existing board of directors be sufficient to excuse a demand upon the directors, it would but emphasize the necessity of demanding action on the part of the shareholders. Under the New Jersey statutes (2 Comp. St. N. J. 1910, title, "Corporations," p. 1629, § 46) three shareholders may call a meeting in the manner there provided. If there is no board of directors, as the bill alleges, an appeal to the shareholders to elect directors or other officers to conduct the litigation was a condition precedent to the plaintiffs' right to represent the corporation. See Hawes v. Oakland, 104 U. S. 450, 461, 26 L. Ed. 827; Taylor v. Holmes, 127 U. S. 489, 492, 8 S. Ct. 1192, 32 L. Ed. 179; United Copper Co. v. Amalgamated Copper Co., 244 U. S. 261, 264, 37 S. Ct. 509, 61 L. Ed. 1119; Heinz v. Nat. Bank of Comm., 237 F. 942 (C. C. A. 8); Macon, D. & S. R. Co. v. Shailer, 141 F. 585, 591 (C. C. A. 5). No excuse is offered for the failure to make such an appeal during the five years since the corporation's cause of action arose, although during all this time the board of directors had not functioned. It is alleged that defendant Vanderbilt dominated and controlled the corporation, but the allegation as to his ownership and control of stock is merely that he is "a substantial holder" of common and preferred shares. In the light of the cases above cited, the insufficiency of the bill in respect to any efforts of the plaintiffs to procure action by the shareholders is ample justification for dismissal of the bill.

But the plaintiffs now contend that Alexander Morrison & Co. was not an indispensable party, although the contrary was apparently admitted in the court below. This contention is based upon the fact that on January 28, 1928, the corporation was dissolved by proclamation of the Governor of New Jersey for default in payment of taxes. Such dissolution was not alleged in the bill, and is first asserted in appellants' reply brief, with a reference to page 828 of the official publication of the 1928 Laws of New Jersey, where the proclamation appears. The argument assumes that we may take judicial notice of this proclamation, as we may of state statutes and

Isidor Unger, of New York City, for appellants.

Leo Levy, of New York City (Merritt Lane and David Stoffer, both of Newark, N. J., of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above).

Equity Rule 27 (28 USCA § 723) requires a shareholder's representative suit to set forth with particularity "the efforts of the plaintiff to secure such action as he desires on

judicial opinions. Vagaszki v. Consol. Coal Co., 225 F. 913, 915 (C. C. A. 2). But, if this assumption be accepted, the appellants' position is not made better, for reasons now to be stated.

Under the statutes of New Jersey (2 Comp. St. N. J. 1910, title "Corporations," pp. 1634–1637, §§ 53–60), upon dissolution, corporate existence is continued for the purpose of prosecuting and defending suits, and of liquidation (section 53); the directors are made liquidating trustees for creditors and shareholders (section 54); they have authority to sue in the name of the corporation, and are suable by the same name, or in their own names (section 55); the Court of Chancery, on application of any creditor or shareholder, may continue the directors as such trustees, or may appoint a receiver with power to prosecute and defend suits and to liquidate the corporate affairs (sections 56–58); pending suits do not abate upon dissolution, but judgment shall not be thereafter entered without notice to the trustees or receiver (section 59). These provisions apply to a dissolution proclaimed for nonpayment of taxes as well as to dissolutions otherwise brought about. American Surety Co. v. Great White Spirit Co., 58 N. J. Eq. 526, 43 A. 579; Harris-Woodbury Lumber Co. v. Coffin, 179 F. 257, 263 (C. C. W. D. N. C.). Hence, if we may take notice that Alexander Morrison & Co. was a dissolved corporation when the present suit was begun, it is apparent that discretion as to asserting the rights of the dissolved corporation was lodged in its liquidating trustees; or, if the allegation that there is no existing board of directors be deemed sufficient to deny that there are liquidating trustees, then the discretion as to suit rested in a receiver to be appointed and instructed by the Court of Chancery of New Jersey upon application of a creditor or shareholder. Whether the fact of dissolution might excuse the plaintiffs from seeking action by shareholders of the corporation, we need not say (cf. Taylor v. Holmes, 127 U. S. 489, 492, 8 S. Ct. 1192, 32 L. Ed. 179); in any event it would not excuse a demand upon the liquidating trustees, if there were such (Taylor v. Holmes, supra; General Electric Co. v. West Asheville Imp. Co., 73 F. 386, 388 [C. C. W. D. N. C.]); and, if there were no liquidating trustees, we can see no reason why the plaintiffs should not be required to resort to the statutory remedy, which provides a receiver as a substitute for such trustees, before they undertake to represent the corporation whose corporate life is continued for purposes of enforcing its causes of action (cf. Quinton v. Equitable Inv. Co., 196 F. 314 [C. C. A. 9]).

The cases relied upon by appellants are McClean v. Bradley, 282 F. 1011 (D. C. N. D. Ohio); Gardiner v. Automatic Arms Co., 275 F. 697 (D. C. N. D. N. Y.); Ervin v. Oregon Ry. & Nav. Co., 20 F. 577 (C. C. S. D. N. Y.). None of them discusses whether after dissolution a demand upon the liquidating trustees is a prerequisite to assertion by a shareholder of the corporation's right of action against a tort-feasor; but it must be conceded that they contain language to the effect that a dissolved corporation is not an indispensable party in a shareholder's suit. If neither it nor its liquidating trustees need be brought in, there can, of course, be no necessity for demanding that they bring the suit. In McClean v. Bradley, the wrong complained of was that four directors of McClean Arms & Ordnance Company, a New Jersey corporation, had fraudulently caused the corporation to convey to themselves its patents, and the relief prayed was that the sale be set aside, a receiver be appointed to wind up the affairs of the corporation, and an accounting be had of the gains made by the defendants out of the alleged fraudulent transfer. The court said (page 1016 of 282 F.):

"At the outset we are met by defendants' insistence that this action is one brought in the right of the corporation, that it is what is known as a derivative action, and that in such an action the corporation itself is an indispensable party. This doctrine was held inapplicable by Judge Cooper in the companion case of Gardiner v. Automatic Arms Co., 275 F. 697. When the franchise of the corporation was revoked by the state of New Jersey, by the laws of that state the members of its last board of directors, which included Bradley, Calfee, and Cowles, became trustees for the settlement and determination of its affairs. It was their duty to get in the outstandings, reduce them to cash, pay the creditors, and distribute the balance, if any, to the stockholders. No creditor now complains. Any assets in the hands of the trustees are not for the corporation, as such, but for the stockholders, subject to the claims of the creditors. Any sum recovered would not pass to the treasury of this corporation, but to the corpus of the trust estate. The stockholders, therefore, sue in their own right, not in the right of the corporation. Under such circumstances, there would seem to be no necessity of making the defunct corporation a

party, or of allowing the administration of justice to be defeated by the impossibility of getting it and the other defendants into the same court anywhere. Therefore it is thought that the well-settled principle that, when stockholders sue in the right of the corporation, it must be made a party (Davenport v. Dows, 85 U. S. [18 Wall.] 626, 21 L. Ed. 938) has no application to this case (Southern Pacific v. Bogert, 250 U. S. 483, 488, 39 S. Ct. 533, 63 L. Ed. 1099; Ervin v. Oregon Ry. & Navigation Co. [C. C.] 20 F. 577; Stearns Coal & Lumber Co. v. Van Winkle, 221 F. 590 [C. C. A. 6] 137 C. C. A. 314). Consequently the case is to be considered upon its merits."

Upon the merits it was found that there was no fraud in the sale, which was at most voidable and had been ratified at a meeting of the shareholders, and the bill was dismissed. The case was affirmed upon the merits, 299 F. 379 (C. C. A. 6), without discussing whether the corporation was an indispensable party. It should be noticed that the statement of facts recited that two of the defendants "are also sued as trustees of the defunct" corporation. Perhaps this was enough to bring the liquidating trustees into court if the suit were a derivative action; we need not say. But the court says the stockholders sue in their own right, not in the right of the corporation. That cannot be true so far as the suit sought a rescission of the transfer of patents. Possibly it was true so far as the plaintiffs sought to recover only their own share of the gains made by the defendants. This distinction was expressly taken in Ervin v. Oregon Ry. & Nav. Co., supra, at page 582 of 20 F. In the case at bar, there is no allegation that the defendants have made gains from the sale attacked as fraudulent, nor does it appear to whom the property was sold; the relief asked is that the defendants make good the corporation's losses caused by their fraud. The right of action is distinctly that of the corporation, not that of the stockholders individually.

Gardiner v. Automatic Arms Co. attacked the same transaction as was involved in McClean v. Bradley. The opinion notes that all creditors were barred by the statute of limitations, which is not the fact in the case at bar. It cites numerous authorities for the proposition that, in actions by the shareholders of a dissolved corporation, the corporation is not an indispensable party. None of them sustain any such broad doctrine. In the first one cited, Boyd v. Hankinson, 92 F. 49 (C. C. A. 4), which involved a New Jersey corporation whose charter was forfeited for nonpayment of taxes, a decree of dismissal on the merits was reversed. The court said at page 55 of 92 F., that on the new trial the corporation should be brought before the court. None of the other citations, except the Ervin Case, already mentioned, are at all close to the point under consideration.

The plaintiffs have not alleged facts which show their right to bring this suit. If dissolution be disregarded, then they were obliged to appeal to the shareholders, there being no directors, or to excuse their failure to do so; if dissolution be noticed, they were obliged to appeal to the liquidating trustees, or to a receiver appointed under the New Jersey statute, or excuse their failure to do so. Under either hypothesis, the bill was demurrable; hence the motion to dismiss was properly granted. This conclusion renders it unnecessary to consider the other grounds alleged as reasons for dismissal.

Decree affirmed without prejudice to a new suit after the plaintiffs have exhausted their remedies through the corporation, or its liquidating trustees, or receiver.