WILLIAM J. MATHEWS et al., complainants,

*v.*

THE AMERICAN TOBACCO COMPANY et al., defendants.

———

RICHARD REID ROGERS, complainant,

*v.*

AMERICAN TOBACCO COMPANY et al., defendants.

———

LYDIA LOCKE, ANNA BELLE LYNCH JONES and ARTIMUS
W. JONES, trustees under the last will and testament
of Edwin A. Jones, deceased, and ANNA BELLE LYNCH
JONES, petitioners-appellants,

*v.*

THE AMERICAN TOBACCO COMPANY, VINCENT RIGGIO et al.,
GUARANTY TRUST COMPANY and JUNIUS PARKER, trus-
tees, JULIUS PARKER, individually, F. B. REUTER, J. A.
CROWE and GEORGE W. HILL, respondents-appellees.

[Argued February term, 1944. Decided April 13th, 1944.]

———

*Messrs. Bilder, Bilder & Kaufman (Mr. Samuel Kauf-
man),* for the appellants.

Messrs. *Lindabury, Depue & Faulks* (Mr. *Josiah Stryker* and *Mr. Francis W. Thomas*), for American Tobacco Co.

*Mr. George W. C. McCarter,* for Vincent Riggio et al.

Messrs. *Lorentz & Stamler* (Mr. *Waldron M. Ward* and *Mr. Fred A. Lorentz*), for George W. Hill.

Messrs. *Milton, McNulty & Augelli* (Mr. *John Milton*), for Guaranty Trust Company of New York and Junius Parker, trustees, et al.

The opinion of the court was delivered by

BODINE, J.

Stockholders' actions in the right of the corporation to undo an alleged fraud perpetrated by the officers and directors in 1930 in authorizing some sort of a stock purchasing plan for some of the corporate officers and employees were instituted in 1933 in the Court of Chancery and were shortly thereafter discontinued by consent of the parties then in court.

The petition to vacate the consent dismissal of those actions was filed January 30th, 1940. It does not appear when the petitioners acquired their stock interests, whether before or after the event of which they complain. *Taylor* v. *Holmes, 127 U. S. 489.*

It does not appear why rule 32 of the Court of Chancery requiring notice of the pendency of such actions, as the Chancellor should direct, was not complied with since notices were not sent to the other stockholders. The duty rested upon the solicitors of complainants in those actions to comply with the rules of that court. No right against the defendants in those actions arose from a breach of good practice which cannot be imputed to them.

After considering the arguments of counsel and weighing all the circumstances shown in this case, it seems that the equities favor the order appealed from. Certainly, a lapse of more than six years shows no diligence in the prosecution

of a right of action if one ever existed. *Rabe* v. *Dunlap, 51 N. J. Eq. 40; Gifford* v. *New Jersey Railroad Co., 10 N. J. Eq. 176; Zabriskie* v. *Hackensack and New York Railroad, 18 N. J. Eq. 178; Brady* v. *Atlantic City, 53 N. J. Eq. 440; Trimble* v. *The American Sugar Refining Co., 61 N. J. Eq. 340; Lillard* v. *Oil, Paint and Drug Co., 70 N. J. Eq. 197; Whitfield* v. *Kern, 122 N. J. Eq. 332; Solimine* v. *Hollander, 128 N. J. Eq. 228. Pomeroy, 1095b.*

The order appealed from is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PORTER, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 12.

*For reversal*—PERSKIE, COLIE, JJ. 2.