McKinney, Receiver *v.* Barrett et al.

[No. 16,002. Filed May 3, 1939. Rehearing denied October 19, 1939. Transfer denied December 18, 1939.]

*John G. McNutt,* for appellant.

*William C. Bachelder* and *Harold K. Bachelder,* for appellees.

DEVOSS, J.—This is an action by appellees against appellant on a claim for legal services rendered. The cause was submitted to the court without a jury. Finding and judgment that appellees recover from appellant the sum of $4,500.00, to be paid from the estate of appellant, in the hands of the receiver, prior to payment of claims of general creditors, but subordinate to the payment of costs and expenses of administration.

Appellant filed motion for a new trial, which was by the court overruled, and this appeal followed.

Errors assigned and relied on for reversal are that the court erred (1) in overruling appellant's motion for a new trial of the claim of appellees; (2) in overruling appellant's motion for a new trial of the claim of appellees and of the issues presented by the claim; (3) in rendering and entering a final judgment to be paid from the estate of appellant; (4) in its order made denying petition of appellant for authority to appeal. Assigned errors Nos. 2 and 3 are included in assigned error No. 1, and will be so considered; assigned error No. 4 has been heretofore disposed of by this court in the overruling of appellees' motion to dismiss this appeal, and will not be considered.

The motion for a new trial sets out the following causes: "1. The decision of the court is not sustained by sufficient evidence. "2. The decision of the court is contrary to law. "3. The assessment of the amount of recovery is erroneous, being too large."

The facts disclosed by the record herein, necessary for consideration of the questions presented by this appeal are, in substance, as follows: The Piccadilly Realty Company is a corporation engaged in the business of operating an apartment building, since the year 1927, and owns in fee simple a nine-story apartment building situate at the northwest corner of Sixteenth and Pennsylvania Streets, in the city of Indianapolis, Indiana. Subsequent to August 27, 1927, said corporation sold 3,000 shares of its preferred stock in the par value of $300,000.00 to the Meyer-Kiser Bank, and there is outstanding in said preferred stock 2,850 shares of the par value of $100.00 per share. Said corporation issued its common stock of 1,500 shares of the par value of $150,000.00, and the same is owned as follows: David T. Smith, 745 shares; J. J. Kiser, 3 shares; Veda Allen, 1 share; and the Meyer-Kiser Bank, Trustee, as trustee for

David T. Smith, 751 shares; said Meyer-Kiser Bank, Trustee, holding said common stock so long as any preferred stock remains outstanding. On the 14th day of November, 1931, the Probate Court of Marion County appointed a receiver for said corporation, and said receivership proceeding is still pending, and the receiver thereof has cash on hand in the sum of $6,500.00, and bills receivable in the sum of $1,100.00, and the average gross income is in the sum of $2,300.00 a month. The expenses of taxes, depreciation, costs of operation and administration amount to $1,260.00 a month. The corporation is indebted in the sum of $1,756.00, which is due and owing. No dividends have been paid on the preferred stock since August 15, 1931.

Prior to December 17, 1934, D. T. Smith was a director and President of the corporation; Veda Allen was a director and Secretary of said corporation; and J. J. Kiser was a director. Neither said D. T. Smith or Veda Allen has resigned as officer or director since December 17, 1934. On said December 17, 1934, the preferred stockholders of said corporation called a meeting for the purpose of removing from office all directors and to elect new directors thereof. With no common stock of the corporation being represented or participating, three new directors, being preferred stockholders, were elected, and they, by resolution, declared vacant the offices of the then existing officers, and elected new officers.

The corporation, by and through its board of directors and officers elected by the preferred stockholders, petitioned for reorganization under Section 77B of the Acts of Congress (U. S. C. A. Title 11, §207) relating to bankruptcy, there being objections to such petition and a motion to strike out the same filed by appellees for D. T. Smith, and also purport-

ing to be filed by the said Piccadilly Realty Company. The District Court of the United States rendered special findings of fact and conclusions of law, which were made part of the record.

Prior to December 17, 1934, William C. Bachelder, one of appellees here, conferred with D. T. Smith, who represented himself to be speaking on behalf of the Realty Company, and pursuant to said D. T. Smith's inquiries upon the advisability of reorganization under Section 77B of the Federal Bankruptcy Law, appellees, after an investigation, rendered an opinion advising against such reorganization, and said D. T. Smith and Veda Allen, the then President and Secretary of such corporation, instructed appellees to oppose such action for the corporation if such were instituted.

On December 17, 1934, William A. Hough, the President of said corporation as elected by the preferred stockholders filed a petition for reorganization in the United States District Court, and appellees herein appeared in opposition thereto, and filed objections, for Piccadilly Realty Company and David T. Smith.

The proceeding in the District Court resulted in the overruling of the objections filed by appellees, and the appointment of a trustee for the assets of said corporation.

Appellees as counsel successfully prosecuted an appeal to the United States Circuit Court of Appeals, and a reversal was obtained, said trusteeship set aside and the estate of said corporation turned back to the receiver for administration under the jurisdiction of the Probate Court of Marion County.

The value of the services rendered by appellees was established at from $6,000.00 to $8,000.00, and would depend somewhat on the advantages gained or benefits to be derived therefrom.

Appellant contends that appellees had no authority to appear in said proceedings in behalf of the corporation; having not been employed by the receiver and that their services conferred no benefits upon the trust; did not create the trust and therefore appellees are not entitled to payment from the estate as a preferred creditor.

Appellees contend that it is immaterial whether they were or were not employed by the receiver, but that a stockholder has the right to protect the corporate interests.

In the case of *Tevis* v. *Hammersmith* (1903), 31 Ind. App. 281, 282, 66 N. E. 79, 912 relative to the question of the rights of stockholders to engage in litigation for the benefit of the corporation, the court said: "It may be stated generally that foundation for such suits is furnished by the existence of either of the following enumerated conditions: (1) Some action, or threatened action, by the board of directors or trustees, beyond their power; (2) a fraudulent transaction, completed or contemplated by the acting managers, in connection with some other party or among themselves, causing injury to the corporation or stockholders; (3) action by the board of directors, or a majority of them in their own interest, and in a manner destructive of the corporation, or the rights of the other stockholders; (4) where a majority of the stockholders are illegally and oppressively pursuing a course in the name of the corporation, which is in violation of the right of the other stockholders, and can only be restrained by a court of equity."

While it does not appear that appellees were employed by the receiver, neither does it appear that David T. Smith and Veda Allen, who employed said appellees, were acting for and on behalf of the stockholders; the record does establish the fact that said

David T. Smith owned 745 shares of common stock, and that* the Meyer-Kiser Bank, as trustee of said David T. Smith, owned 751 shares of common stock, and that Veda Allen owned one share of a total of 1500 shares. It can readily be inferred that he was acting for and on behalf :of the common stockholders, in the employment of appellees.

A part of the services were rendered prior to the 17th day of December, 1934, at the request of the then President and Secretary.

As stated in the case of *Trustees* v. *Greenough* (1881), 105 U. S. 527, 532, 26 L. Ed. 1157, "It is a general principle that a trust estate must bear the expenses of its administration. It is also established by sufficient authority, that where one of many parties having a common interest in a trust fund, at his own expense takes proper proceedings to save it from destruction and to *restore it to the purposes of the trust,* he is entitled to reimbursement, either out of the fund itself, or by proportional contributions from those *who accept the benefits of his efforts.*" Preferred stockholders are parties to the business venture along with the common stockholders, and some benefit did flow, not only to the holders of the common stock, but to the holders of preferred stock.

The board of directors, elected by the preferred stockholders, by their efforts of reorganization under the bankruptcy law, did "engage in action beyond their power," and their erroneous conception of the law made necessary the efforts of appellees, and David T. Smith as a stockholder had the right to resist such action.

In the administration of trusts one of the major questions to be considered is that of jurisdiction, and it cannot be said that the return of the trust to the

proper jurisdiction is not of benefit to all the stock-holders, even though the estate was not enlarged.

The value of the services was fully established by the evidence, and we do not find such value excessive.

The corporation is continuing to operate, under the jurisdiction of the proper court, which jurisdiction was established by the services of appellees.

The judgment of the trial court is sustained by the evidence, is not contrary to law, and the amount thereof is not too large.

Judgment affirmed.

Bridwell, J., not participating.